AMANDA J. HILL, Appellant, *vs.* JULIA I. KREIGER *et al.* Appellees.

*Opinion filed June 20, 1911.*

1. DEEDS—*no particular form is essential to constitute delivery.* While delivery and acceptance are essential to render a deed operative as a conveyance, no particular form or ceremony is required.

2. SAME—*delivery may be by acts or words, or both.* A delivery may be by acts without words or words without acts, or by both acts and words, and anything which clearly manifests the intention of the grantor that the deed shall presently become operative and effectual, that he loses control over it and the grantee is to become possessed of the estate, constitutes sufficient delivery.

3. SAME—*intention with which acts are done is the test.* The test in each case is the intention with which the act or acts relied on as the equivalent or substitute for a formal delivery were done, and each case must therefore be judged by its own circumstances.

4. SAME—*what is essential in case of ordinary deed of bargain and sale.* In the case of an ordinary deed of bargain and sale it is indispensable, whatever means may be adopted to accomplish delivery, that the deed pass beyond the control and dominion of the grantor, and there must also, in such case, be an acceptance by the grantee, and the mere recording of a deed of bargain and sale without the grantee's consent does not constitute either delivery or acceptance.

5. SAME—*law presumes more in favor of delivery of voluntary conveyance.* A deed of voluntary settlement, if fairly made, is binding upon the grantor unless there is clear proof that he never parted with or intended to part with the possession of the deed, and the deed will be regarded as delivered although he retains it,

unless there are other circumstances to show that it was not in-
tended to be absolute.

6. SAME—*acceptance by grantee is presumed in case of volun-
tary conveyance.* If the grantee knows of the execution of a vol-
untary conveyance an acceptance will be presumed, in the absence
of other proof, on account of the beneficial nature of the gift.

7. SAME—*actual delivery to and acceptance by infant grantee
in voluntary conveyance is unnecessary.* In case of a voluntary
conveyance to an infant grantee actual delivery and acceptance is
unnecessary, nor is it necessary that the infant have knowledge
of the conveyance; and it is the duty of the court to declare an
acceptance for him where the conveyance is beneficial.

8. SAME—*recording of voluntary conveyance to infant grantee
is prima facie evidence of delivery.* In case of a deed of volun-
tary settlement the intention of the grantor to presently vest title
in the grantee is of more importance than the manual possession
of the deed, and in the case of an infant grantee the recording of
the deed by the grantor, or at his direction, is *prima facie* evidence
of a delivery.

9. SAME—*grantor's retention of deed not inconsistent with de-
livery where life estate is reserved.* Where the grantor reserves
a life estate in the property and its possession and control, the re-
tention of the deed by him is not inconsistent with the idea that
delivery was intended and that the deed is presently operative as a
conveyance of the future estate, which is to vest in possession at
the termination of the life estate.

10. SAME—*when deed is operative.* A voluntary conveyance
of land to the grantor's daughter and her minor children, which
is subject to the dower of the grantor's wife and provides that
possession shall be given at his death, is operative as a conveyance
even though the grantor refused to deliver the deed after it was
recorded but kept it in his possession until a few days before his
death, when he gave it, with other papers, to his sons, where the
evidence shows he regarded the conveyance as operative and be-
lieved the title had passed beyond his control.

11. SAME—*effect of possession and payment of taxes by gran-
tor, who has a life estate.* Where the grantor in a deed of volun-
tary settlement reserves a life estate, his possession of the deed
and his possession of the property and payment of taxes are ref-
erable to the life estate and are not inconsistent with the title of
the grantees.

APPEAL from the Circuit Court of Christian county;
the Hon. A. M. ROSE, Judge, presiding.

HOGAN & WALLACE, for appellant.

J. A. MERRY, and FRANK P. DRENNAN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Delivery of a deed by the grantor, and acceptance by the grantee, is essential to constitute a conveyance. (*Wiggins* v. *Lusk,* 12 Ill. 132; *Kingsbury* v. *Burnside,* 58 id. 310; *Moore* v. *Flynn,* 135 id. 74; *Sullivan* v. *Eddy,* 154 id. 199.) The appellant, Amanda J. Hill, relying upon that rule of law and claiming that a deed made by her father to her and her four minor children was inoperative to convey title for want of delivery, filed her bill in the circuit court of Christian county against the appellees, her said children, Julia Irene Kreiger, Dora Belle Scott, Charles Wilbur Parish and Herschel Orren Parish, asking the court to set aside the deed as a cloud upon the title which she claimed by inheritance from her father and a conveyance from his other heirs-at-law. Julia Irene Kreiger answered the bill, and the other defendants, who were still minors, answered by a guardian *ad litem.* The court heard the evidence, which established the following facts:

On November 10, 1906, when the deed was made, Andrew L. Augur was the owner of much land and other property in Christian county, and had four children, John W. Augur, Calvin L. Augur, Mary L. Butcher and complainant, who was then the wife of Charles Parish. Andrew L. Augur had given to each of his children a gift of $8000 in money and determined to also make a gift of land to each of them. Accordingly he made four deeds, each for 120 acres of land, one to John W. Augur, one to Calvin L. Augur, one to Mary L. Butcher and the fourth to the complainant and her four children, Julia Irene Parish, Dora Belle Parish, Charles Wilbur Parish and Herschel Orren Parish, as tenants in common. The deeds were

made subject to the dower of the grantor's wife, Emily Augur, and provided that possession was to be given at his death. The two sons were present and the deeds were written by one of them. The grantor directed the deeds to be sent to the recorder and recorded, and upon a suggestion that they should be delivered to the grantees he refused and ordered them returned to him, but he gave no reason for retaining possession of them. He said that he had the deed to the complainant and her children made in that way so that the complainant's husband, Charles Parish, could not induce her to mortgage the land, and that it would have been all right for her to have had the land except for that reason. The complainant knew of the making of the deed to her and her children a few days after it was made, and her father then told her that he had done something that he did not want to do, and that the reason why he did it was that he did not want her husband to mortgage the land. Charles Parish afterward died, and the complainant then tried to induce her father to make a deed direct to her. In the summer of 1909 she had a deed prepared and tried to persuade him to sign it, but he refused, saying that he did not want to change it; that he did not have his business fixed the way he wanted it but he would not re-fix it. He was told the deeds were not good unless delivered to the grantees, but he said he thought they were good enough; that he thought he could not sign the new deed; that he would do it in a minute if he thought he could, but he thought it would not stand, and that he had already conveyed the land. Andrew L. Augur retained possession of the premises, had control of them and paid the taxes until his death, which occurred on August 15, 1909. A few days before his death his sons took his papers with his consent, and the deeds were found among the papers. He left Emily Augur, his widow, and his four children his only heirs-at-law. Emily Augur, the widow, afterward died, and the complainant was married a second time and her

name is now Amanda J. Hill. After the death of complainant's father the deed to her and her children was offered to her, and she at first refused to take it but was persuaded to do so. The heirs then exchanged deeds between themselves to render effective the deeds to Calvin L. Augur, John W. Augur and Mary L. Butcher, and those persons conveyed to the complainant all their interest, as heirs-at-law of their father, in the 120 acres described in the deed in question. When the deed was made Julia Irene was sixteen years old, Dora Belle was fourteen, Charles Wilbur was five and Herschel Orren was two. Julia Irene attained her majority and was married, and her name is Julia Irene Kreiger. Dora Belle was married to one Scott, and reached the age of eighteen years during the pendency of the suit. The court dismissed the bill for want of equity, and the complainant appealed.

While delivery and acceptance are essential to render a deed operative as a conveyance, no particular form or ceremony is required. A delivery may be by acts without words or words without acts, or both, and anything which clearly manifests the intention of the grantor that a deed shall presently become operative and effectual, that he loses control over it and the grantee is to become possessed of the estate, constitutes a sufficient delivery. The test in each case is the intention with which the act or acts relied on as the equivalent or substitute for a formal delivery were done, and each case must therefore be judged by its facts and circumstances. The necessity of so doing and the varying conclusions drawn from different states of facts led Mr. Justice Mulkey, in the case of *Weber* v. *Christen,* 121 Ill. 91, to regard it as difficult to fully harmonize the decisions on any well recognized principle. That is true in the sense that no two states of circumstances are exactly alike, but certain principles upon which the conclusion must rest in each case are well established. In the same case it was said that in the case of an adult grantee the acknowl-

edging and recording of a deed without his knowledge or consent would not, of itself, amount to a delivery, but if, from all the circumstances, it appears that the grantor by his acts intended to give effect and operation to the deed and relinquish all power and control over it, such acts would amount to a delivery. It may appear from the facts and circumstances that the grantor, in delivering a deed to a recorder to be placed on record, intended to part with his title and that he delivered it for the benefit of the grantee, while under other circumstances no such presumption would arise. In the case of an ordinary deed of bargain and sale it is indispensable, whatever means may be adopted to accomplish its delivery, that the deed passes beyond the dominion and control of the grantor, since both the grantor and the grantee cannot have control of the deed at the same time. (*Provart* v. *Harris,* 150 Ill. 40.) There must also be an acceptance of the conveyance by the grantee, and where the facts do not show an actual acceptance nor justify a presumption of law that the deed has been accepted, the title does not pass. Accordingly it is held that the recording of such a deed by the grantor without the knowledge and consent of the grantee does not constitute either a delivery or acceptance. (*Brown* v. *Brown,* 167 Ill. 631; *Dagley* v. *Black,* 197 id. 53.) Under some circumstances the recording of a deed may afford *prima facie* evidence of delivery and acceptance, but if the deed creates any liability against the grantee or imposes any obligation upon him an acceptance cannot rest upon any presumption but the acceptance must be of an affirmative character. *Thompson* v. *Dearborn,* 107 Ill. 87.

The deeds made by Andrew L. Augur were voluntary settlements upon the grantees, and in such cases the law presumes much more in favor of a delivery than it does in ordinary business transactions. Such a settlement, when fairly made, is binding on the grantor, unless there be clear and decisive proof that he never parted or intended to part

with the possession of the deed, and it will be regarded as delivered although he retains it, unless there are other circumstances to show that it was not intended to be absolute. (*Otis* v. *Beckwith,* 49 Ill. 121; *Cline* v. *Jones,* 111 id. 563; *Shults* v. *Shults,* 159 id. 654; *Brady* v. *Huber,* 197 id. 291; *Creighton* v. *Roe,* 218 id. 619.) The rule in such cases results from the presumed intention of the grantor to make his act effectual, the relation of the parties to each other and the trust and confidence reposed. If the grantee knows of the conveyance an acceptance will also be presumed, in the absence of other proof, on account of the beneficial nature of the gift. It would naturally be inferred that one would consent to and accept a conveyance for his benefit. The law adds other presumptions where a voluntary conveyance is made to an infant or one under some disability. The actual delivery to and acceptance by such a grantee is never necessary. An infant is incapable of doing any act in regard to a deed which he may not avoid on reaching his majority, and it was not unnatural for one sustaining the relation which existed between Andrew L. Augur and the infant children of his daughter to preserve the deed for them. (*Masterson* v. *Cheek,* 23 Ill. 72; *Hayes* v. *Boylan,* 141 id. 400; *Wilenou* v. *Handlon,* 207 id. 104; *Abrams* v. *Beale,* 224 id. 496.) As an infant or one under disability is incapable of making any formal and valid acceptance his knowledge of the conveyance is not necessary, and it is the duty of the court to declare an acceptance for him where the conveyance is beneficial. The grantor's intention to presently vest title in the grantee in the case of a voluntary settlement is regarded as of more importance than the mere manual possession of the deed, and in the case of a conveyance to an infant the recording of a deed by the grantor or by his direction is *prima facie* evidence of a delivery. *Blankenship* v. *Hall,* 233 Ill. 116.

Where the grantor reserves a life estate in the property and its possession and control, the retention of the deed is

not inconsistent with the idea that delivery was intended and that the deed is operative. (*Valter* v. *Blavka,* 195 Ill. 610.) Such a reservation raises a presumption that the deed is intended to operate immediately as a conveyance of the future estate which is to vest in possession at the termination of the life estate, since there would be no object in reserving a life estate if the deed was not to be effectual as a conveyance or was retained to prevent its taking effect until the death of the grantor. *Baker* v. *Hall,* 214 Ill. 364; *Riegel* v. *Riegel,* 243 id. 626.

The deed in question was made by Andrew L. Augur to his daughter and her four infant children as a voluntary conveyance and is governed by the rules applicable to deeds of that kind. The infant grantees were grandchildren of the grantor, and the presumption would be that his possession of the deed was for their benefit even if he had not retained a life estate. The grantor reserved a life estate and unquestionably intended the deed to become operative at once as a conveyance of the future estate, subject to the dower of his widow, if she should survive him. The possession of the deed by the grantor, who had a life estate in the property, was not inconsistent with the title of the grantees in the deed, and his possession and payments of taxes are referable to such life estate. The grantor believed and understood that the title had passed beyond his control and that he had conveyed the property to the complainant and her minor children. His intention was clearly proved, and the necessary conclusion is that the recording of the deed was intended as a delivery for the benefit of the grantees. The complainant was not entitled to have the deed set aside, and the decree of the court is right and is affirmed.

*Decree affirmed.*