(No. 31674.—

BERNICE C. PARKER, Appellee, *vs.* DAISY HOLLINGSWORTH
ROBERTS *et al.,* Appellants.

*Opinion filed January 18, 1951.*

WILLIAM MAROSCO, of Chicago, for appellants.

JAMES W. FRY, and OWENS, OWENS & RINN, both of
Chicago, for appellee.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of
the court :.

A freehold being involved, this appeal comes directly
to this court from a decree of the superior court of Cook
County quieting title to certain real estate in the city of
Chicago and finding the plaintiff, Bernice C. Parker, to be
the fee-simple owner thereof. This case was heard in the
trial court on the verified pleadings of the several parties,
together with a stipulation of facts on the plaintiff's mo-
tion for summary judgment.

The undisputed facts, as shown by this record, indicate
that on October 21, 1948, the defendant Clarence Crowell,
father of the plaintiff, Bernice C. Parker, was a widower,

and the owner of the real estate here in question. On that date he entered into a purported marriage with the defendant Daisy Hollingsworth Roberts, who was also referred to in the pleadings as Gazelle Hudson and Gazelle Crowell. This marriage was void for the reason that at the time of its performance Daisy Hollingsworth Roberts was legally married to one Willie Roberts. Without knowledge of this prior marriage and believing himself to be then legally married, Clarence Crowell and his supposed bride went to an attorney's office, where they signed and acknowledged a quitclaim deed as husband and wife, dated October 26, 1948, conveying the property here involved to the defendant Hattie Hall. It was Crowell's intention to place this property in joint tenancy with his supposed wife, and Hattie Hall was the grantee in this deed for that purpose. Hattie Hall was not present at the time of the execution of the deed and had no knowledge of it until some time after it was recorded and returned. The deed was left by Crowell with the attorney under directions to record the deed and return it to him. On October 27, 1948, a deed bearing the signature of Hattie Hall, but admittedly a forgery, was executed and recorded, with Clarence Crowell and Gazelle Crowell (Daisy Hollingsworth Roberts) as grantees in joint tenancy. Thereafter, on February 12, 1949, Clarence Crowell conveyed this property to his daughter, the plaintiff, Bernice C. Parker, and this deed was recorded March 11, 1949, and through it the plaintiff claims ownership of the property. Bernice C. Parker then filed this suit on November 17, 1949. On December 12, 1949, Hattie Hall conveyed this property to one LeRoy Hudson, and on February 14, 1950, Leroy Hudson conveyed the property to Gazelle Crowell. It is through this chain of conveyances that Gazelle Crowell claims the fee-simple title in the property.

All of the defendants answered the complaint. The defendant Hattie Hall filed a counterclaim, claiming a fee-

simple title in this real estate through the first and original deed from Clarence Crowell and his purported wife. Gazelle Crowell filed her counterclaim, claiming to own the fee-simple interest in this property through the deed of Hattie Hall to Leroy Hudson and through his deed to her. Both counterclaims alleged that the deed of Hattie Hall dated October 27, 1948, was a forgery, and both counterclaimants claimed the fee-simple title to the exclusion of all other parties. It is worthy of note that all of the defendants were represented by the same attorney, who apparently prepared their verified counterclaims and appeared as notary thereon and also took the acknowledgments to the deeds executed following the filing of this suit.

The chancellor found that the deed from Crowell and his supposed wife to Hattie Hall was null and void; that the deed from Hattie Hall conveying the property to Clarence Crowell and Gazelle Crowell in joint tenancy was a forgery and was null and void; that the deed from Hattie Hall to Leroy Hudson conveyed no interest in the real estate and was null and void; that the deed from Leroy Hudson to Gazelle Crowell conveyed no interest in the real estate and was null and void, but that the deed from Clarence Crowell to his daughter, Bernice C. Parker, conveyed to her the fee-simple title to this property. The decree, based on these findings, dismissed the counterclaims for want of equity, directed the defendants, Hattie Hall, Daisy Roberts and Clarence Crowell, to execute deeds investing Bernice C. Parker with the legal title to this real estate and, in default thereof, that the master in chancery of the court make, execute and deliver such a conveyance.

It seems apparent that the ownership of this real estate must be determined primarily from the legal results obtaining through the deed of Clarence Crowell and his wife to Hattie Hall. No question is made of the validity of Crowell's deed to his daughter, if he had anything to convey. It is evident from this record that the sole pur-

pose of the deed to Hattie Hall was so she could reconvey to Crowell and his supposed wife this same real estate in joint tenancy. It is fundamental in the law that for a deed to be effective, if otherwise adequate, there must be a delivery to, and an acceptance by, the grantee in the deed. (*Brown* v. *Brown*, 167 Ill. 631; *Hill* v. *Kreiger*, 250 Ill. 408; *Newton* v. *Village of Glen Ellyn*, 374 Ill. 50.) There are circumstances under which delivery and acceptance may be presumed, as where the conveyance is a voluntary settlement for the benefit of the grantee and the grantee knows of the conveyance, and where there is a voluntary conveyance to an infant or someone under legal disability and the deed has been recorded by the grantor with the intention to convey the title. (*Hill* v. *Kreiger*, 250 Ill. 408.) In some circumstances the mere recording of the deed is *prima facie* evidence of delivery, (*Ackman* v. *Potter*, 239 Ill. 578; *Union Mutual Life Ins. Co.* v. *Campbell*, 95 Ill. 267,) but even then it may be rebutted.

In *Sullivan* v. *Eddy*, 154 Ill. 199, the owner of the real estate conveyed his property to his brother, with some idea or plan that the brother should reconvey the property to the wife and children of the grantor after his death. This deed was placed of record by the grantor and returned to him and he retained the manual possession of the deed. The grantee brother lived in the State of Ohio, and had no knowledge of the deed's execution or its recording, or even of its existence. The Supreme Court held this deed ineffectual for want of delivery, saying, at page 208: " 'We think, in the case of an adult grantee, the acknowledging and recording of the deed without his knowledge or consent does not, of itself, according to the weight of authority, amount to a delivery.' This conclusion logically results from the well-understood rule that acceptance on the part of the grantee is essential to the delivery of every deed of conveyance, and when the grantee is *sui juris* there is *prima facie* no presumption of acceptance from the un-

authorized acts of the grantor. When the deed is for his benefit, under certain circumstances acceptance may be presumed, but not necessarily. Even in the cases which treat the act of recording as *prima facie* evidence of a delivery, it is held that such evidence is successfully rebutted by showing that the conveyance was intended to confer no benefit upon the grantee."

In *Kirby* v. *Kirby,* 236 Ill. 255, a husband and wife conveyed certain real estate to the brother of the husband. The deed was executed and recorded without the knowledge or consent of the grantee, and he was wholly ignorant of these matters until long after the death of one of the grantors. Neither of the grantors ever told him about the deed. In that case we again stated the principle that the recording of a deed by a grantor has been held to be *prima facie* evidence of delivery, but that it is subject to be rebutted and was rebutted when it clearly appears that no beneficial interest was intended to vest in the grantee, where the grantee never went into the possession of the land under the conveyance and never received any benefit therefrom. Like statements are found in *Hill* v. *Kreiger,* 250 Ill. 408; *Patten* v. *Knowe,* 354 Ill. 156, and the cases therein cited. Applying these principles to the record before us, it is clear that Hattie Hall acquired no interest in this real estate through the deed of Clarence Crowell and his supposed wife for the reason that there was never a delivery of that deed. She was not present when the deed was executed, knew nothing of its purpose or the circumstances surrounding its execution, asserted no claim or interest in the property until after she was made a party to this suit, and was never intended to have a beneficial interest in the property. The deed was recorded at Crowell's direction, and at his direction was then returned to him and manual possession thereof retained. The facts in this case fall far short of bringing this situation within any of those instances where delivery and acceptance are presumed.

Accordingly, Hattie Hall acquired no right, title, or interest in or to this property and therefore had nothing to convey to Leroy Hudson, and he in turn had nothing to convey to Gazelle Crowell.

There having been no delivery of this deed to Hattie Hall, the title to this property remained in Clarence Crowell, and he had full power and authority to convey the same to his daughter, Bernice C. Parker, by his deed of February 12, 1949, through which she claims title in this suit. Crowell's deed to Hattie Hall, the forged deed from Hattie Hall to Crowell and wife, Hattie Hall's deed to Leroy Hudson, and Leroy Hudson's deed to Gazelle Crowell, were of no legal force or effect, were mere clouds on the title of Bernice C. Parker, and the superior court of Cook County correctly so held. Its decree is accordingly affirmed.

*Decree affirmed.*