(No. 31749.
BRUNO ZILVITIS, Appellee, *vs.* EMILY SZCZUDLO *et al.*, Appellants.

*Opinion filed May 24, 1951.*

ROMAN E. POSANSKI, of Chicago, (CHARLES D. SNE-
WIND, of counsel,) for appellants.

THOMAS J. FINNEGAN, of Chicago, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff, Bruno Zilvitis, filed his complaint in the superior court of Cook County against his sister, Emily Szczudlo, and others, to set aside a deed to Emily from her mother, Veronika Zilvitis. The court entered a decree setting aside said deed, and, a freehold being involved, defendants appeal to this court.

In the first instance the complaint alleged that the deed from the mother was obtained by fraud because it was not acknowledged. The complaint was then amended by alleging that the deed from Veronika was procured and obtained by means of fraud, because defendant Emily Szczudlo led plaintiff to believe a quitclaim deed would be procured from Henry Podrus which would vest title in said real estate in both plaintiff and said defendant, whereas said defendant obtained a deed from Podrus to herself, and that the same had no force or effect. And finally, there was an amendment to the amended complaint in which it is charged that the warranty deed from the mother

to Emily was executed pursuant to a prearranged plan made between the mother and one Kizas, attorney for the mother, to defraud Henry Podrus, the recently acquired husband of Veronika, of his dower in the premises, and that the said deed was conditionally delivered to the said attorney, to be held subject to the control of Veronika, in order to cheat her husband, Podrus, out of his dower rights; that in pursuance of such scheme Emily and her husband later executed a quitclaim deed at the request of the mother, so that the attorney could hold the deed to be used for the benefit of Veronika and her two children. And, in the alternative, it is further alleged that the mother never intended to deliver, nor did she ever authorize the recording of said deed to Emily, and that Emily delivered the warranty deed to Kizas, to hold subject to the control of her mother, and that both the deed to Emily, and the deed made by Emily to her mother were held subject to this agreement, and there never had been any valid delivery of the deed to the property in question.

To this complaint an answer was filed, denying all charges in the complaint, and specifically of fraud and failure of delivery, but admitting that the acknowledgment to the deed had been placed upon it by the notary out of the presence of the mother, and after she had acquired her second husband, Henry Podrus. A hearing was had before the master in chancery, who reported the testimony and his conclusions to the court, making certain findings, which, as pointed out hereafter, are not sustained by the evidence and are otherwise inaccurate, and recommended that a decree setting aside the deed be entered by the court, which was accordingly done. Objections were made to the master's report and exceptions heard before the court, all of which were overruled.

Inasmuch as the report of the master in chancery in several instances is not sustained by any evidence and is

otherwise inaccurate, we have been required to examine the record to discover the real facts in the case. We are not unmindful of the rule that weight should be given to the finding of the master on controverted questions of fact, where witnesses have testified before him. In a chancery case the facts are found by the court, and the master's report, while *prima facie* correct, is of an advisory nature only. The facts are all open for consideration in the first instance by the trial court, and afterwards by this court in case of appeal. Without regard to the findings of the master upon any particular question of fact, the final question in this court is, Was the decree rendered by the court a proper one under the law and evidence? This rule is well settled. *Jones* v. *Koepke,* 387 Ill. 97; *Vesolowski* v. *Vesolowski,* 403 Ill. 284; *Krieg* v. *Felgner,* 400 Ill. 113.

The evidence in the case discloses, with very little disagreement, that the mother, Veronika, in November, 1945, came alone to the office of Louis W. Kizas, an attorney, and told him she was contemplating marriage, and requested him to prepare a deed to the property in question from herself to her daughter, Emily Szczudlo. She informed him she wanted the deed made because "she wanted to convey the property to her daughter Emily;" and, upon the attorney inquiring about her son, "how about your son," she replied that she wanted the property to go to Emily because the doctor (her son) had an education, and was making a good living in Detroit, and she wanted to convey this property to the daughter so that her husband would not participate in this property. The attorney informed her that the deed would be prepared, and some days later went to her house to give it to her, and found she had married one Henry Podrus and had gone to the State of Florida. The attorney accordingly left the deed with the daughter, Emily, who mailed it to her mother, and she later returned it to Emily, properly signed, but

unacknowledged. Emily took the deed to Kizas, who placed an acknowledgment upon it, dated November 16, although it was in fact about December 25, and recorded it. At about the same time the lawyer also procured a quit-claim deed from Emily and her husband to the mother, which he explained was for the purpose of protecting himself. However, the mother was never informed of this deed, nor did she know of it, and the same was retained by the attorney, Kizas, until after the death of the mother, and a settlement had been obtained with the surviving husband.

The mother died in 1946. She left a will giving all of her property to her son and daughter, except $10 to her husband. Exclusive of the property involved here she left an estate in excess of $30,000, of which plaintiff and Emily each received $15,000. Each paid the husband $2000 for a release of his interest in his wife's estate.

Upon these facts, the master made findings apparently based upon the allegations of the complaint more than upon the evidence. In his fifth finding he recited that the "deed * * * was mailed by her to the defendant Emily Szczudlo with instructions that it be delivered to Louis Walter Kizas." In his sixth finding he states "that the deed was delivered conditionally to Louis Walter Kizas to be held by him subject to the control of Veronika Zilvitis Podrus." In his seventh finding he states "That Veronika Zilvitis Podrus at no time meant or authorized any delivery of the deed recorded * * * that the aforesaid deeds were being held by Louis Walter Kizas, at the time of the death of Veronika Zilvitis Podrus on March 2, 1946, subject to such orders as she might give in the future."

The three quotations from the findings of the master in chancery are not supported by any evidence whatever, and are thus pointed out because they are the only basis upon which the deed in question could be set aside. In

the case of *Jones v. Koepke,* 387 Ill. 97, the findings of the master were likewise without foundation, and the report was entirely disregarded, and the practice severely criticised.

Under the facts as actually disclosed by the evidence it is apparent that the mother was making a voluntary settlement upon the daughter to equalize in some part for the education which apparently had been given to the son. In such cases a presumption of delivery arises, even though the deed may be retained in the hands of the grantor. (*Hill* v. *Kreiger,* 250 Ill. 408; *Struve* v. *Tatge,* 285 Ill. 103; *Huber* v. *Williams,* 338 Ill. 313; *Klajbor* v. *Klajbor,* 406 Ill. 513; *Alexander* v. *American Bible Society,* 407 Ill. 49.) However, in the present case there is proof of delivery. It was mailed by the mother to the daughter, and the daughter took it to the attorney, who placed it of record. These facts are not in dispute.

The matter of the delivery of a deed is not one requiring any particular formality, but may be accomplished by acts without words, or words without acts, or both, and anything that clearly manifests an intention by the grantor that the deed shall at once become operative to vest the estate in the grantee constitutes a sufficient delivery. (*Riegel* v. *Riegel,* 243 Ill. 626; *Hill* v. *Kreiger,* 250 Ill. 408; *Struve* v. *Tatge,* 285 Ill. 103; *Herrin* v. *McCarthy,* 339 Ill. 530.) Under the facts in the present case, where the mother requested the attorney to prepare a deed to her daughter and the deed was prepared and mailed to her, the fact that she mailed it back to her daughter, unopposed by any contrary evidence, constitutes a sufficient delivery.

It is alleged in the complaint, and apparently as a basis of recovery, that the deed was not acknowledged in the presence of the mother, and at a date falsely shown; as a matter of fact, some six weeks earlier than the actual execution of the deed. The acknowledgment in this manner by the attorney was undoubtedly improper, although he knew she wished the deed made to her daughter, and

had she been present the acknowledgment would have been a matter of course. However, an acknowledgment is not necessary for the validity of a deed, and it will properly pass title without being acknowledged. Acknowledgment goes only to the proof, which permits the deed being offered in evidence without further showing as to its genuineness. *Robinson* v. *Robinson,* 116 Ill. 250; *Shadden* v. *Zimmerlee,* 401 Ill. 118; *Lucas* v. *Westray,* 408 Ill. 243.

In the present case, when the master made the findings above, he apparently based them upon the allegations of the complaint, without any testimony to support them. There is no evidence in the record that we can find, or that has been pointed out to us, that sustains the finding that the deed was mailed to the daughter with instructions, or that there was any combination or agreement between Emily and the attorney, or that the deed was delivered conditionally to Louis Walter Kizas, or delivered to him at all by the mother, or that there is any evidence whatever that Kizas was to hold the deed for the benefit of the mother and the two children. It is true there are allegations to this effect, and several other alternatives in the complaint, but neither proof without allegations, nor allegation without proof, justify any kind of a decree or relief in a court of equity. *Leitch* v. *Sanitary District of Chicago,* 386 Ill. 433.

Allegations of fraud contained in a complaint must be established by clear and convincing evidence, and cannot be based upon inferences, surmises or guesses. (*Bundesen* v. *Lewis,* 368 Ill. 623; *Racine Fuel Co.* v. *Rawlins,* 377 Ill. 375.) It is singular that although the master in chancery has placed in his report what are apparently his surmises or deductions from the general situation, yet he does not make any finding that there was any fraud upon the part of the defendant, or any combination or agreement between the defendant Emily and the attorney Kizas. It is

the generality and inaccuracy of his findings which impels us to criticise them, as it has required us to ferret out of the evidence the exact facts in the case.

The master makes . a further finding which is not justified by the proof, and that is that Henry Podrus was paid the sum of $4000 for a quitclaim deed to release his dower in the premises in controversy. There is no testimony upon this proposition whatsoever. It appears in the complaint, and is admitted in the answer, that he was paid this sum of money as a release for all of his claims against the estate of his deceased wife, which consisted of some $30,000 in excess of whatever value this particular parcel of property might have. And, moreover, at the time this money was paid to Podrus the plaintiff knew, and had been informed, that the mother had conveyed this particular piece of property to the daughter.

The court undoubtedly relied upon the report of the master in chancery. Burdened as he is with the heavy duties of chancery cases in his district, he cannot be expected to examine all of. the proofs to determine whether the master's findings are accurate. But a master, upon whom the blame must fall in this case, should predicate his reports upon evidence and not upon surmises; upon facts and not mere allegations in the complaint. After very careful examination of the evidence, we are convinced that none of the charges or alternative charges contained in the complaint have been established, and that the superior court of Cook County was in error in overruling the exceptions to the master's report.

It is the judgment of the court that the decree of the superior court of Cook County be reversed, and the cause remanded, with directions to dismiss the complaint for want of equity.

*Reversed and remanded, with directions.*