People of the State of Illinois, Plaintiff, v. Ida M. Boening, et al., Defendants, Audrey Jo Scully, Petitioner-Appellee, and Satterfield Corporation and Harriet Friedman, Respondents-Appellants.

Gen. No. 50,110.

First District, Fourth Division.

February 11, 1966.

Allan L. Blair, of Chicago (Allan L. Blair and Bruce M. Buyer, of counsel), for respondents-appellants.

Arthur W. Main and Arthur W. Main, Jr., of Chicago, for petitioner-appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal was taken from an order in the Circuit Court of Cook County directing the issuance of a tax deed. The appeal was taken to the Supreme Court and by that court transferred here. Audrey Jo Scully, the peti-

tioner, purchased the property in question in the regular course of a tax foreclosure suit on August 16, 1960. On August 17, 1962, the petitioner presented to the County Clerk of Cook County for his approval a decree directing issuance of a tax foreclosure deed to her. A rule of the Circuit Court at that time required that the approval of the County Clerk and the State's Attorney be placed in writing upon the decree before the court would act upon a petition for a tax deed order. The County Clerk informed the petitioner that the Satterfield Corporation had made a redemption from the tax foreclosure sale on August 2, 1962, and that the Clerk would not approve the decree. Petitioner's right to a tax deed, under the statute, would have matured on August 16, 1962.

On February 8, 1963, the petitioner served notice upon the Satterfield Corporation and Harriet Friedman, together with a copy of her petition. The notice stated that the petition would be presented to the court on February 14, 1963. On February 13, 1963, a second purported redemption was made with the County Clerk in the name of Harriet Friedman, "C/o The Satterfield Corporation." On February 14, 1963, the petitioner was given leave to file her petition, and the respondents were ordered to file an answer within 30 days. This petition alleged facts showing that petitioner had received a certificate of purchase at a tax foreclosure sale on August 16, 1960; that thereafter she paid all required taxes; that the records of the County Clerk of Cook County showed that the Satterfield Corporation had on August 2, 1962, deposited redemption money in order to redeem the subject parcel from the 1960 tax sale. The petition alleged that Satterfield Corporation had no interest in the subject premises on August 2, 1962; that from 1928 to July 17, 1962, the record title holder was one Dorothy Listing, who purportedly conveyed her interest in the subject real estate by quitclaim deed to one Harriet Friedman; that this deed was recorded; and that petitioner had given all notices

3

entitling her to a tax deed. Petitioner prayed that the purported redemption by Satterfield Corporation be expunged from the records and that the court order the County Clerk to issue a tax deed conveying the subject premises to her.

On March 11, 1963, the respondents filed a sworn answer admitting most of the allegations of petitioner's pleading, and expressly agreeing to petitioner's statement that Satterfield Corporation was not the owner of the subject realty on August 2, 1962, and had no right to redeem from the foreclosure sale. The answer expressly denied that the petitioner had given "all notices entitling her to a tax deed." Further answering, Harriet Friedman stated and alleged that the quitclaim deed given by Dorothy Listing, a spinster, to Harriet Friedman had been acknowledged by Albert Hassell, a notary public of Cook County; that the deed and the grantor's certificate of acknowledgment were recorded in the office of the recorder of deeds on July 17, 1962; that the redemption deposit of August 2, 1962, had been made by Satterfield as agent for Harriet Friedman; and that Harriet Friedman, having been advised that redemption could only be made by the owner of record, deposited redemption money in the office of the County Clerk and received a certificate of redemption dated February 14, 1963. The respondents, Friedman and Satterfield, joined in the prayer of the petitioner which asked that Satterfield's defective redemption be expunged from the records of the County Clerk and that the County Clerk be ordered to refund to Satterfield the sum it had deposited on August 2, 1962. The answer prayed that the petition, insofar as it prayed for the issuance of a tax deed to the petitioner, should be dismissed.

On May 28, 1963, the court entered an order allowing the petitioner to file an amendment to her previously filed petition. No notice appears in the record to have been given to the respondents. In that amendment the

4

petitioner alleged, on information and belief, that in 1962 Harriet Friedman was nonexistent; that after the service of the petition to set aside the redemption upon the Satterfield Corporation, Harriet Friedman on February 13 attempted a second redemption from the said sale, and on March 11, 1963, filed an answer to petitioner's petition as above noted; that the Satterfield Corporation had no right to redeem under its charter; that the invalid redemption by the Satterfield Corporation prevented petitioner from obtaining a decree ordering the County Clerk to issue her a tax deed; that since that time petitioner had been attempting to discover whether or not the deed from Listing to Friedman was a valid conveyance, and whether or not Listing had ever existed or was existing in July 1962. The amendment further alleged that Albert Hassell, the notary public on the quitclaim deed from Listing to Friedman, had refused to state whether or not Listing was a fictitious person; and that David Shapiro had stated that he gave the consideration for the quitclaim deed to Hassell in a check payable to Hassell. It was further stated, on information and belief, that Hassell was interested in the purchase price money or in the ownership of the lot, which interest disqualified him to take and certify the acknowledgment to the deed, and that hence, the quitclaim deed was void. On information and belief the petitioner stated that Richard Haley and Minnie Haley, or their heirs, were the only persons entitled to redeem; and the petitioner prayed that the purported redemption in the name of Harriet Friedman be expunged from the sale and judgment records of the County Clerk, and that he refund to Friedman the sum deposited by her.

On June 10, 1963, the respondents substituted attorneys and asked to withdraw the answer filed by them on March 11, 1963. No order was entered by the court either denying or permitting the withdrawal of the answer, nor is any point made on the question in this court. On June

5

14, 1963, the respondents filed a petition setting out that they had, in accordance with Rule 19 of the Supreme Court, attempted to take a discovery deposition of the petitioner, and that at the time of taking the deposition counsel for the respondents propounded to the petitioner questions which petitioner's counsel instructed her not to answer. The respondents prayed that the court enter an order upon the petitioner to answer the propounded questions, and that the court extend the time for the respondents to plead to the amended petition of the petitioner. A copy of the questions asked on deposition was attached to the petition.

On July 17, 1963, the respondents filed interrogatories upon the petitioner; these take up eight pages of the abstract. On August 12, 1963, certain answers were filed to the interrogatories; one was as follows:

> 5.A. To whom have you given notice as required by Section 263 of the Revenue Act of 1939?
> Answer: Notice was given James Keller, Edwin Weber and Lolita Weber; each personally. Notice was given Dorothy Listing, Dorothy T. Listing, unknown owners or parties interested in said real estate; by publication in the Chicago Daily Law Bulletin on April 16, 23 and 30, 1962.

In an answer (the filing of which is controverted) to the amended petition the respondents alleged that because of the failure of the petitioner to answer discovery questions the respondents could not answer certain of the allegations, and they admitted that they originally filed an answer stating that the Satterfield Corporation did not have the legal right to redeem; they here affirmatively stated "that at the time of making such redemption Satterfield Corporation was the duly authorized agent of Harriet Friedman and that such redemption was in fact made in her behalf and was [a] valid and legal redemption in all respects when made."

6

The respondents further contended that the allegation with reference to Albert Hassell's interest in the transaction was not answered because of the petitioner's failure to answer questions propounded to her in the deposition and in interrogatories, and respondents prayed that the relief sought in both the petition and the amended petition be denied. The respondents claimed that they filed with the answer a cross-petition in which it was stated that the petitioner was acting as the nominee for one Edwin Weber, who allegedly was in fact the real party in interest, and they prayed for attorney's fees and that summons be issued against Weber, and that he be made a party to the proceedings.

On July 18, 1963, the respondents moved that the court order summons to issue against Edwin Weber. The motion was continued to September 9, 1963. On July 22, 1963, the petitioner moved to strike the cross-petition of Satterfield Corporation and Harriet Friedman. (As we have pointed out, nothing appears in the record to indicate that either the answer or the cross-petition was actually filed.) On July 31, 1963, the petitioner was given leave to file objections to the interrogatories. The objections were numerous and a hearing was set for September 17, 1963. On September 9, 1963, the court entered an order striking all the interrogatories but two, and denying the motion to file a cross-petition. In that order it was said, among other things:

(1) That respondents are not entitled to pre-trial discovery or to ask interrogatories with respect to [the] petition of Audrey Meyer [nee Scully].

(2) That respondents are not entitled to file a cross petition against new parties.

Article 1, section 1 of the Civil Practice Act provides: "The provisions of this act apply to all civil proceedings, both at law and in equity." The act then sets out certain exemptions where the proceeding is regulated by

7

separate statutes. The instant case does not fall within these exemptions. The act further provides that in all these proceedings "the separate statutes apply to the extent to which they regulate procedure but this act applies as to matters of procedure not so regulated by separate statute."

Section 58 of the Civil Practice Act provides: "Discovery . . . and answers to interrogatories shall be in accordance with rules." Supreme Court Rule 19–11 provides that any party may serve upon an adverse party written interrogatories which must be answered unless objections are filed thereto. It then becomes the duty of the court to determine whether the objection should be overruled, and upon the court's overruling the objections the court shall fix a time within which the interrogatories must be answered. The court erred in its ruling.

On September 18, 1963, a hearing was held, and an exhibit offered by the petitioner was received in evidence. The exhibit was a portion of the record of the tax judgment, sale, redemption and forfeiture record for Cook County. The notations on that record's face included the following: forfeiture to the State of Illinois; Scully's purchase at the "forfeiture foreclosure sale"; Satterfield's controverted deposit for redemption of August 2, 1962; and Friedman's controverted deposit for redemption of February 13, 1963, which notation read "Harriet Friedman, C/o Satterfield Corp." Counsel for the respondents was called to the stand, over his objection. The answer, filed on March 11, 1963, of the Satterfield Corporation and Harriet Friedman to the petition of Audrey Jo Scully, was admitted in evidence, over objection. Counsel then testified that there was such a person as Harriet Friedman, who was also known as Harriet Friedman Shapiro, wife of David Shapiro, who was president of the Satterfield Corporation. The court then said that an order expunging the redemption of the Satterfield Corporation would be entered, based on the record and the sworn an-

8

swer of Harriet Friedman. Respondents' counsel told the court there was a second answer on file, and the court stated that the answer was not found in the files. Counsel replied that it was filed some time around March 21. Counsel then stated that he would testify, as an officer of the court, that the answer had been filed; that in the answer it was stated that the Satterfield Corporation had the legal right to redeem; that at the time of making the redemption the Satterfield Corporation was a duly authorized agent of Harriet Friedman, and that the redemption was in fact made in her behalf. The court had stated that it would rule against the defendants without argument. Counsel then said he would make an offer of proof and would offer in proof their second answer to the amended petition; the court said it would set aside both redemptions.

On September 18, 1963, a decree was entered expunging the redemptions of Harriet Friedman and the Satterfield Corporation, and finding that all parties had had due notice of the filing of and hearing on the petition, and that the petitioner was entitled to the issuance of a tax deed; and it was so ordered. The decree further provided that there was no just reason for delaying the enforcement of the decree or an appeal therefrom.

On September 27, 1963, the respondents filed a petition for rehearing; this petition again recited the undisputed facts of this controversy, and further asserted the following: The certificate on file in the County Clerk's office erroneously failed to reflect that Satterfield Corporation, on August 2, 1962, was redeeming on behalf of Harriet Friedman, who was the record title holder; that on March 11, 1963, the respondents filed an answer in which they agreed with petitioner that the attempted redemption by Satterfield was not a good redemption; that on May 28, 1963, the petitioner filed an amendment to her petition of February 14; and on June 17, 1963, within the time permitted by the court's order, the respondents filed an an-

9

swer to that amendment; that a copy of the answer and cross-petition was served on opposing counsel. (Documents purporting to be copies of the answer and cross-petition and a copy of the letter of transmittal were attached to the petition for rehearing.) It further alleged that on July 22, 1963, pursuant to notice, the respondents moved that the court order a summons to issue against Edwin Weber, named as a defendant in the cross-petition, and on the same day, pursuant to notice, petitioner filed a motion to strike the cross-petition. Continuing, the petition for rehearing again raised the questions of the court's ruling on the petition filed for a rule on Audrey Jo Scully to answer all interrogatories, and recited the fact that respondents had filed interrogatories, that Scully filed a motion to strike the interrogatories, and that on September 9, 1963, the court had entered an order refusing to issue summons under the cross-petition and had denied respondents the right of pretrial discovery. The petition for rehearing further stated that at the hearing on September 18, 1963, the 1946 tax judgment, sale, redemption and forfeiture record was admitted into evidence; that no other evidence was taken; that the court prevented respondents from introducing any evidence, and had they been permitted they would have shown that the record title holder of the subject property on August 2, 1962, was Harriet Friedman, and that on that date the Satterfield Corporation redeemed as her agent; that in any event, the second redemption made on February 13, 1963, was valid in all respects; that the petitioner did not comply with sections 263 and 266–a of the Revenue Act of 1939, and was not entitled to an order directing the issuance of a tax deed. The court denied this motion for rehearing, and thereupon the respondents took an appeal.

Both parties attack each other's briefs on the ground that they are in disregard of the rules of court and are confusing. With these allegations of both parties this court is in full accord.

10

Under the statute then in force it was provided in section 253 of the Revenue Act of 1939 (Ill Rev Stats 1961, ch 120, ¶ 734) that "Real property sold under the provisions of this Act may be redeemed at any time before the expiration of two years from the date of sale, by payment in legal money of the United States to the county clerk of the proper county. . . . Such real property may also be redeemed after the expiration of two years from the date of sale, at any time up to the date a tax deed is issued. . . ."

Section 263 of the Revenue Act (Ill Rev Stats 1959, c 120, ¶ 744) which was controlling during the events in the present case, and which implements Article IX, § 5 of the Illinois Constitution, sets out the following requirement:

"No purchaser or assignee of such purchaser of real estate sold for non-payment of general taxes or special assessments, shall be entitled to a deed until the following conditions have been complied with, to-wit: Such purchaser or assignee shall serve, or cause to be served, notice of such purchase, not less than three months prior to the date when the time of redemption, or extended time of redemption as hereinafter provided shall expire, upon the following persons: upon occupants or persons in actual possession of such real estate; upon the person in whose name the real estate was last assessed for general taxes . . . ; and upon the owners of, or parties interested in such real estate, including trustees and mortgagees of record. . . . In such notices the purchaser, or his assignee, shall state when he purchased the real estate, in whose name last taxed, the description of the real estate he has purchased; what taxes or special assessments were included in the judgment or decree for which the real estate was sold, and when the time of redemption will expire."

11

There is a further provision for publication in case the parties cannot be found. .

In the case before us a direct issue was raised as to whether or not petitioner made proper service of notice in accordance with the statute and the Illinois Constitution. The first answer filed by respondents denied that portion of Scully's petition which had asserted that all notices required by law had been given. In her original petition Audrey Jo Scully stated that from 1928 to July 17, 1962, the record title holder was Dorothy Listing, and that she purportedly conveyed her interest in the subject real estate by a quitclaim deed to Harriet Friedman, which deed was recorded. To one of the interrogatories propounded to Scully, she had answered that personal notice had been given to James Keller, Edwin Weber and Lolita Weber, and that notice by publication had been given to Dorothy Listing and Dorothy T. Listing, and to unknown owners. This interrogatory and answer was not stricken by the court. There is no indication in the record however, that the answer to the interrogatory was formally offered in evidence. Supreme Court Rule 19–11, sec 4, provides that answers to interrogatories may be used in evidence to the same extent as the deposition of an adverse party. Rule 19–10, with reference to the use of depositions, provides that discovery depositions may be used only for the purpose of impeaching the testimony of a deponent as a witness in the same manner and to the same extent as any inconsistent statement made by a witness, or as an admission made by a party in the same manner and to the same extent as any other admission made by such party, or if otherwise admissible as an exception to the hearsay rule. As we have pointed out, under the pleadings there was an issue raised on this question, and the burden was on the petitioner to prove proper notice. There was no evidence whatsoever in the record to support the statutory requirement that proper notice must be given in order to obtain a tax deed.

Scully also contends that the quitclaim deed from Listing to Friedman was void. That deed was not offered in evidence, nor does it appear in the record except as an exhibit to the petition for rehearing. The Satterfield Corporation and Harriet Friedman argue that they were not permitted to offer evidence and that they were cut short when they tried to make an offer of proof. For this there is some support in the record.

With regard to the validity of the quit-claim deed, Scully contends that when a deed is acknowledged before a notary public who has a financial interest in the property, such deed is void. She also argues that since in the amendment to her original petition it was alleged on information and belief that Hassell was disqualified to take and certify to the acknowledgment because of his financial interest, and since no answer was filed, the quit-claim deed from Listing to Friedman should be held void.

While it appears from the record that there was no answer filed to the amendment to the petition, the court and both parties apparently labored under the impression that the answer to the amended petition and the cross-petition had been filed. Notice had been given to Scully that an answer was to be filed, and a copy of the answer and cross-petition was served upon her.

The trial court had before it a motion of the respondents to order summons to issue against Edwin Weber, based on the cross-petition allegedly filed; since the defendant moved to strike the cross-petition and the court thereupon entered an order denying the motion to order summons to issue against Weber, and struck the cross-petition, it would seem that the court must have had something purporting to be the answer and cross-petition before it or else it would not have been able to so rule. No objection was made at the time by Scully that no answer to her amended petition had been filed, and that there had been no cross-petition filed.

13

In Slezak v. Fleming, 392 Ill 387, 64 NE2d 734, the defendant based his complaint upon the ground that the trial court erred by proceeding to trial without an answer having been filed to the complaint. It was stated:

"So far as the first objection is concerned, the parties, by voluntarily and without objection offering evidence in the condition of the record, without demanding answers to the complaint or the cross complaint, waived any objection, if such they had, to such condition of the record."

In Pallasch v. United States Fidelity & Guaranty Co., 329 Ill App 257, 67 NE2d 883, at page 261 it is stated:

"Defendant contends that by plaintiff's failure to traverse the new matter alleged in defendant's amended answer it is deemed admitted under sec 40 of the Civil Practice Act [Ill Rev Stats 1945, ch 110, par 164; Jones Ill Stats Ann 104.040]. The evidence shows, however, that testimony was heard on the issues raised by the amended answer with reference to Pallasch's duties as manager of the Kruse service station. Since it appears that the parties regarded the issues as properly made, the filing of a traverse was waived. (Ancateau v. Commercial Casualty Ins. Co. of Chicago, 318 Ill App 553; Cairo Lumber Co., Inc. v. Ladenberger, 313 Ill App 1; Slezak v. Fleming, 392 Ill 387.)"

Also see 30 ILP Pleading § 60. Since both parties participated in the motions with regard to the answer and cross-petition without any objection having been raised, and the court ruled on the same, the petitioner waived any objection to the fact that the answer and cross-petition did not appear in the record of the court. Failure to answer a statement made on information and belief in the pleading is not an admission. In any case, the Illinois rule is that a deed lacking acknowledgment is not void. In 1 ILP Acknowledgments § 3, it is stated:

14

"Apart from questions of homestead rights, an acknowledgment is not necessary to the validity of an ordinary deed . . . , an unacknowledged deed or mortgage is valid and binding on the parties who execute it, and is also binding on persons who claim through such parties. . . ." [Citing Zilvitis v. Szczudlo, 409 Ill 252, 99 NE2d 124; 1914 Op Atty Gen 1203.] Also see Berigan v. Berrigan, 413 Ill 204, 108 NE2d 438.

As we have pointed out, the trial court entered no order on the motion of Satterfield Corporation and Harriet Friedman to withdraw the answer which they had first filed, which was a matter within the discretion of the court. (In this answer the respondents concurred in the prayer of the petitioner that the first redemption be expunged from the records of the court.) Therefore, the court was correct in its final judgment in setting aside the first redemption filed on August 7, 1962.

■ Since there was nothing in the record to show that the quitclaim deed from Listing to Friedman was invalid, the court erred in setting aside the second redemption; the court erred in finding that proper statutory notice had been given by Audrey Jo Scully, as alleged in her petition and denied in the answer thereto; hence, the order of the court directing the issuance of the tax deed to Audrey Jo Scully must be reversed.

The case is reversed and remanded with directions to the court to order that proper interrogatories should be answered by Audrey Jo Scully; that an answer to her amended petition should be permitted to be filed by the respondents; and that further proceedings then be taken consistent with this opinion.

Reversed and remanded.

DRUCKER, P. J. and ENGLISH, J., concur.