(No. 21450.—

MINGO BROWN, Appellant, *vs.* OLLIE MOORE *et al.,* Appellees.

*Opinion filed November 27, 1950—Rehearing denied Jan. 15, 1951.*

MYER H. GLADSTONE, of Chicago, for appellant.

JOHN W. ROGERS, of Chicago, for appellees.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

Appellant, Mingo Brown, filed his complaint in the circuit court of Cook County, to set aside his warranty deed to his daughter, Odeal Moore, and Ollie Moore, her husband, on the grounds that he was intoxicated at the time he executed it. The chancellor entered a decree dismissing the complaint for want of equity. A freehold being involved, a direct appeal has been perfected to this court.

On August 11, 1948, appellant was the owner in fee simple of the premises situated at 4355 Vincennes Avenue, in the city of Chicago, upon which he operated a three-story dwelling as a rooming house. On that day he executed and delivered to his daughter, Odeal Moore, and her husband, Ollie Moore, a warranty deed conveying the premises to them as joint tenants. The following day the daughter and her husband moved into a front room on the premises and began to collect the rents from the various tenants. Thereafter, on December 21, 1948, appellant commenced his suit to set aside the conveyance on the grounds that he was intoxicated at the time the deed was signed, and was unable to understand what he was doing. An answer was filed denying the allegations of the complaint.

After a hearing on the merits the master in chancery filed a report in which he found that the appellant had established, by a preponderance of the evidence, that at the time of the execution of the deed in question he was so greatly under the influence of alcohol that he was incapable of knowing the effect of what he was doing, and recommended that the deed be set aside. Exceptions to the mas-

ter's report were sustained by the court and a decree was entered finding from the evidence that the equities in the cause were with appellees, and the complaint was dismissed for want of equity.

Appellant contends that the decree dismissing the complaint is against the weight of the evidence and that the findings of the master are entitled to due weight on review of the cause by this court. While weight should be given to the finding of a master on controverted questions of fact where the witnesses have testified orally before him, his finding and the weight to be given it depend upon the record in each particular case. The master's report is not given the same effect as the verdict of a jury, in a case where the parties have a right to have the issues of fact determined by a jury. In a chancery case the facts are found by the trial court, and the master's report is of an advisory nature, only. The facts are all open for consideration, in the first instance, by the trial court and afterwards by this court, in case of an appeal. Without regard to the finding of the master upon any particular question of fact, the ultimate and final question in this court is whether the decree rendered by the chancellor is a proper one under the law and the evidence. *Krieg* v. *Felgner,* 400 Ill. 113; *Jones* v. *Koepke,* 387 Ill. 97.

Appellant produced three witnesses at the trial, who testified that he was intoxicated on August 11, 1948, the day that the deed was executed. His grandniece, Theda Bara Brown, testified that she was at the home of appellant continuously from ten or eleven o'clock in the morning until about eight or nine o'clock that evening. She stated that appellant drank three or four pints of gin that day; that he usually drank three or four pints of gin every day; that he was intoxicated at the time Mr. Geter, the attorney who drew the deed, arrived at the house; and that he acted really drunk when he came out of the room where the deed was signed.

Phoebe Ann Henderson, a barmaid, who lived nearby, testified that appellant came to see her about five or six o'clock in the evening, on August 11, or August 12, 1948, and remained there for twenty or twenty-five minutes. She engaged in conversation with him until his daughter came and took him away. Her testimony was to the effect that he was so drunk that his speech could not be understood. Addie Smith, another neighbor, who spent considerable of her time sitting on the front porch of appellant's lodging house, testified that she was present when the attorney came to the house on August 11, 1948, and that appellant had been drinking most of the day and was very intoxicated.

Appellant testified that he had been drinking gin the day the deed was signed and that he was under the influence of gin about five or six o'clock in the afternoon; that Geter, the attorney who drew the deed, never came to his home; that he did not know the attorney and had no recollection of ever having seen him; that he remembers nothing concerning the signing of the deed; and that he had contemplated making a deed conveying the premises to his daughter, Odeal Moore, and her half-sister, Ezilda Cornelius, but had never executed such an instrument.

While appellant states that he did not recall anything with reference to the deed transaction, he testified with considerable detail to events occurring immediately before, and soon after, the time the deed was signed. About five o'clock in the evening, which would have been a short time before the deed was executed, appellant testified that he went to the home of Phoebe Henderson, a neighbor, and talked to her about some things he was supposed to have said about her; that she had sent word that she wanted to talk to him and that he remained in conversation with Phoebe Henderson until someone came and took him back home. He also testified that he sent his grandniece, Theda Bara Brown, out to purchase some cigarettes for him. She testified that this event took place shortly after he came

out of the room where the deed had been signed. Despite the clarity with which he recalls these two events he denies any recollection of what transpired in the short interval between them when he signed the deed in question.

On behalf of the appellees, attorney Howard D. Geter testified that Ollie Moore, appellant's son-in-law, had called him by telephone and asked him to see appellant at his home concerning the drafting of a deed conveying the premises; that as a result of this conversation he went to the home of appellant about the third or fourth of August and discussed the details concerning the transaction with him; that appellant directed him to prepare a conveyance of the premises to his daughter, Odeal Moore, and her husband, as joint tenants; that he looked up the description of the premises, checked the title for the presence of encumbrances, and drafted a deed in compliance with the instructions given him by appellant; that on August 11, 1948, about a week after the first consultation, he took the deed to the home of appellant and, in the presence of the grantees, explained and read the deed to appellant; that appellant was not intoxicated; that there was nothing about his actions to indicate that appellant did not fully understand what he was doing; and that appellant then signed and acknowledged the deed in his presence.

The testimony of the daughter, Odeal Moore, and her husband, tends to corroborate in all essential details the testimony given by the attorney who drafted the deed and attended its execution. By way of explanation as to why the conveyance was made, the daughter further testified that her father had talked to her about the transaction a number of times; that he told her that he was ill and not able to take care of the place any more and for that reason it was beginning to run down; that he was being sued for $10,000; and that he would rather give the place to her than to lose it, or have it go to ruin.

Appellant finally contends that the burden was on appellees to prove that the conveyance to them was the result of full and free deliberation on his part as grantor. In the case of *Krieg* v. *Felgner,* 400 Ill. 113, we applied such a rule where the existence of a fiduciary relation had been established. The rule adhered to in that case has no application to the instant case. The complaint here does not charge the existence of a fiduciary relation between appellant and appellees, or that the deed was in fact obtained by fraud. A fiduciary relationship does not obtain between a parent and child as a matter of law. A conveyance from a parent to a child cannot be presumed to be the product of fraud or undue influence from the mere fact of the relationship. Fraud or undue influence in fact is needed to set aside such conveyance. In such cases, the conveyance constitutes a gift or voluntary settlement for which natural love and affection is sufficient. *McCrillis* v. *Utterback,* 397 Ill. 550.

In considering the facts and circumstances shown by the evidence in this case, we must abide by the rule that a party who executes an instrument and later seeks to avoid it by reason of intoxication must prove that he was in such a condition that he was incapable of understanding the nature of the transaction in which he was engaged. (*Kanauske* v. *Clark,* 388 Ill. 357.) After examining the evidence of all the witnesses in the case, we feel that the appellant has failed to establish his case by the proof required in such cases. We are satisfied that the decision of the chancellor was in accordance with the evidence and find no reversible error in the trial of the case.

The decree of the circuit court of Cook County is accordingly affirmed.

*Decree affirmed.*