(No. 34951.—

THE COUNTY OF COOK, Appellant, *vs.* GLASSTEX COMPANY, Appellee.

*Opinion filed January 23, 1959—Rehearing denied March 18, 1959.*

· BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRANCIS X. RILEY, RICHARD V. HOUPT, and ROBERT W. SCHERMAN, of counsel,) for appellant.

JACOB SHAMBERG, of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The county of Cook, appellant, brings this appeal to review a final decree of the superior court of Cook County overruling exceptions to a master's report and holding the Cook County zoning ordinance unconstitutional and void as it applies to the property of appellee, Glasstex Co., an Illinois corporation; and further denying the county's prayer for an injunction against appellee's continued use of its property in violation of the ordinance. A constitutional question having arisen and having been determined

below, the appeal is properly brought directly to this court.

On March 7, 1956, the county of Cook filed a complaint for an injunction and other relief against appellee, Glasstex Co. The complaint alleged that the company owned certain described property in Cook County improved with a building in which it manufactured and assembled various types of water craft or boats; that the property was zoned as F-District (Farming) by the zoning ordinance of Cook County, approved August 20, 1940; that the construction, maintenance and use of the structure on the premises for light industrial purposes is not permitted in the F-District classification; that the company thus violated the zoning ordinance of Cook County and greatly depreciates the surrounding property. The appellant prayed that appellee's use of the property be declared a violation of the ordinance, and that appellee be enjoined from using the said property for such light industrial use, and other relief as equity might require.

The appellee company by its answer admitted its ownership of the subject property, the existence of the ordinance and the classification of its property; denied it used the property for manufacturing, while admitting that it molded and finished fiberglass boats thereon, insisted the word "farming" in the classification was a misnomer and that farming is contrary to the purpose of zoning; alleged that zoning was designed to create permanent conditions, character, and values of urban communities, that the F-District classification permits uses more detrimental to the value and use of surrounding properties than appellee's use of this property, that the zoning classification applied to its property is capricious and denies its highest use, that the zoning ordinance as applied to its property is invalid and void, has no reasonable relation to public health, safety, morals, comfort or general welfare, deprives appellee of its property without due process of law, and is confiscatory.

Hence the company prayed the court to find that the ordinance, so far as it provided an F-District, is null and void; that the ordinance as applied to its property is null and void and unenforceable; that it has a right to use the property for its purposes, and that the court dismiss the complaint.

The cause was referred to a master in chancery, who held hearings and took testimony and made report of his findings to the court. The master recommended that the county zoning ordinance be found invalid as applied to the Glasstex Co. property and that the complaint be dismissed.

At the hearing before the master the company took as its position under its pleadings that the ordinance was invalid and it did not need to apply for a permit to construct a building for its use upon the premises. The county presented certain exhibits, including photographs of the subject property, and the company admitted the zoning as alleged, that the building existed, and the existence of the zoning ordinance. The county then rested, it being agreed that a *prima facie* case had been established.

Appellee presented the president of its company, and three real-estate brokers as witnesses. The president of the company testified as to the methods used and the processes followed in molding boats and finishing them upon the subject property. The other witnesses for appellee found no noise or odor to be discernible and that the use of the property did not increase the amount of traffic in the area. It was their opinion that appellee's use of the premises did not depreciate the value of surrounding property and noted that there were several uses permitted in an F-District which would be more detrimental, and would depreciate the value of surrounding property more than appellee's operations.

Appellant presented two real-estate brokers in rebuttal who testified that the highest and best use of this property was for residential development. One of them testified

that some of the permitted F-District uses would have an adverse effect on adjoining property.

All of the witnesses agreed that in their opinion this property was more valuable when devoted to appellee's light industrial use than to residential or subdivision use.

The testimony of all of the witnesses established that the general area of the subject property for three quarters of a mile in each direction was devoted approximately 90 per cent to forest preserve and to farms, and 10 per cent to residential use. Immediately west of this property is an older residence with a poultry house for raising ducks. To the east is a residence occupied by the father of the company's president, then an open space and then a convent converted from old farm buildings. The property to the north for half a mile in each direction is forest preserve, and to the south for a mile are open fields.

The master then made his recommendations and findings to which the county filed objections. Most objections insisted that the various findings of the master were contrary to the evidence and the law, that the appellee presented no evidence relevant to the issue of whether the zoning ordinance, as applied to this property, bore a substantial relation to the public health, safety, morals and general welfare; and that the master ignored the company's flagrant violation of the law and its setting itself up as zoning authority and judge of the validity of a duly enacted ordinance, and its construction of buildings on its property and the establishment of its manufacturing use without applying for or obtaining a permit.

On March 12, 1958, the court entered its decree overruling the county's objections and exceptions to the master's report, approving the report, and decreeing that the zoning ordinance of Cook County as it applies to appellee's property is void and unconstitutional and of no effect, and denied and dismissed the county's complaint. From this decree

the county appeals to this court, contending that the court below erred in refusing to overrule the master's report because the evidence failed to support it.

In its defense to this action, appellee asserted the invalidity and unconstitutionality of the ordinance as applied to its property. It is always presumed, in an attack upon an ordinance, that the enactment is valid, and the burden of proving its invalidity falls upon the one who attacks the ordinance. (*Jacobson* v. *City of Evanston,* 10 Ill.2d 61.) He must prove by clear and convincing evidence that the zoning ordinance is, as to him, arbitrary and unreasonable, and without substantial relation to the public health, safety or welfare. These rules are based upon a recognition that zoning is primarily a legislative function, subject to court review only for the purpose of determining whether the power, as exercised, involves an undue invasion of private constitutional rights without reasonable relation to the public welfare. Where it appears, from all of the facts, that room exists for a difference of opinion concerning the reasonableness of a classification, the legislative judgment must be conclusive. *Krom* v. *City of Elmhurst,* 8 Ill.2d 104.

Appellee urges that the ordinance establishes an arbitrary, discriminatory classification, which prevents a use similar in degree to those permitted, and deprives appellee of the larger value of its property.

Appellee relies upon the cases of the *City of Chicago* v. *Sachs,* 1 Ill.2d 342, and *Johnson* v. *Village of Villa Park,* 370 Ill. 272, as authority for its contention that an activity or use omitted from the ordinance, but similar to the permitted uses, does not constitute a violation of the zoning ordinance. Upon this authority, appellee contends that since this ordinance permits uses casting an equal, if not heavier, burden, upon adjoining properties, its existing light industrial use must be allowed, or it suffers a taking of part

of its property without due process of law. The fallacy of this position is obvious from a review of these authorities. Both cited cases of permitted uses under the terms of the ordinances involved, similar in every aspect to the prohibited use. In the *Sachs case,* the ordinance permitted grade or high schools, boarding schools, vocational schools, colleges and universities, but made no provision for prekindergarten or nursery schools. The court held that to deny the property owner the right to use his premises for a prekindergarten play school would constitute an unreasonable, and arbitrary confiscation of property, in view of the permitted uses so similar in nature.

In the *Johnson case* the zoning ordinance provided for a medical college containing a morgue and dissecting room, or a hospital with all accessory uses, which would include caring for the dead as well as the living, and other nonresidential uses, while making no provision for operation of a funeral or undertaking establishment. To deny such use in such a so-called "residential" classification was held to amount to a purely capricious classification bearing no relation to the public welfare.

Among the uses permitted in the "F" farming classification provided for this area by this zoning ordinance, none are similar to any light industrial use, or to the fabrication pursued by appellee. Certainly the *Sachs* and *Johnson* cases do not establish the principle that because the ordinance permits uses which the property owner claims more detrimental to people and property than his use, such permitted uses render the ordinance void as applied to his property.

The fact that a zoning ordinance permits a large number of uses within the district, which the property owner deems more detrimental to the people and their property, can neither diminish nor enlarge his defense to a charge of violation, for those other uses are not his. *County of Du Page* v. *Henderson,* 402 Ill. 179; *Jacobson* v. *City of Evanston,* 10 Ill.2d 61.

In the *Henderson* case, the property in question lay in an "F" (Farming) district of Lisle township in Du Page County. The county sought to enjoin the property owners' use thereof, begun after the enactment of the zoning ordinance, for manufacturing purposes, contrary to the ordinance. The court held that it was no defense for the property owners that the ordinance permitted uses which they deemed more detrimental to people and their property, since the ordinance is presumed valid, and all questions of the wisdom or desirability of particular restrictions in a zoning ordinance must be addressed to the legislative body specifically charged with determining them.

The *Jacobson case* involved the validity of a municipal zoning ordinance of the city of Evanston, which prohibited a lot area of less than 2500 square feet per family unit in a building occupied by more than one family, in the area in question. The plaintiffs sought to provide three apartments in one building on a lot of only 5993 square feet. The court held that the mere fact that the property might be worth more for the more intensive use did not invalidate the ordinance and the fact that the ordinance permitted uses deemed more detrimental by the property owner only challenged the wisdom of the ordinance and raised no presumption of invalidity.

The appellee's use of the instant property is not a use permitted in an "F" district. The fact that appellee's use may or may not be offensive or detrimental is of no consequence. The county board enacted this ordinance and applied it to this property. That body determined that it was best for the public generally that manufacturing, of any kind, be not permitted in this area. Appellee disagrees, but the proof submitted fails to show, by clear and convincing evidence, that the county board was in error. The evidence does not convince us that this ordinance and the classification established by it for this property have no reasonable basis in the public welfare; or no substantial

relation to public health, safety and morals. This is the burden which appellee has placed upon itself by its position in this case. (*La Salle Nat. Bank* v. *County of Cook,* 12 Ill.2d 40.) If the ordinance could not validly deny to appellee the right to conduct a manufacturing establishment upon its property, nothing would remain to deter additional manufacturing in this district. Thus the character of the entire area, as determined by the county board to be most applicable, realistic, and beneficial to the people and their property in general, would be completely destroyed.

Appellee's contentions and proofs do no more than assert an opinion as to the best use of this property, differing from that evidenced by the county's enactment of this ordinance. A mere difference of opinion cannot warrant the courts in assuming the role of zoning commissioner. *County of Du Page* v. *Henderson,* 402 Ill. 179.

While appellee does not advance the element of property value as controlling in determining the validity of this zoning ordinance, he does assert that it must be considered, and says that where a destruction of value occurs the test to be applied is whether such destruction promotes the public health, safety or general welfare. Appellee thus urges that since its property is more valuably used for its manufacturing purpose, as shown by the evidence, to deny such use destroys some of its value. The fact that appellee's property might be worth more for manufacturing than for any of the permitted "F" classification uses is not of itself sufficient to invalidate the ordinance, as such is true in nearly every case where the use of private property is restricted by zoning legislation. The ordinance imposes no burdens on appellee, or its property, that are not common to all other owners and their properties within the same classified area, and the ordinance is not thus confiscatory, nor does it thus deprive appellee of its property without due process of law. (*Jacobson* v. *City of Evanston,* 10

Ill.2d 61; *Honeck* v. *County of Cook,* 12 Ill.2d 257.) Moreover, any actual loss sustained by appellee was incurred by its own actions in known violation of this zoning ordinance.

Appellee's proof, heard by the master, consists entirely of testimony describing the use of the properties for three quarters of a mile in each direction, descriptions of appellee's property, its use and the details of the activities thereon, the value of appellee's property under the "F" classification and for manufacturing purposes, the effect of appellee's manufacturing use on adjacent properties, and a comparison of appellee's use with various permitted "F" classification uses which the witnesses considered more offensive or detrimental to people and their properties in the area. Little, if any, of this proof goes to the proposition that the zoning ordinance and its classification of appellee's property have no relation to the public health, safety, morals or welfare. Consequently, the presumption of validity stands, challenged only by a difference of opinion, and faced with an admission of violation.

The superior court of Cook County erred in refusing to overrule the report of the master and in entering a decree in favor of the appellee. The decree is reversed and the case remanded to the superior court with instructions to enter a decree in accordance with the prayer of the complaint.

*Reversed and remanded, with directions.*