(No. 76-CC-3218—)

HOWARD SUTTON and HELEN SUTTON, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 26, 1979.*

JOSEPH J. NEELEY, for Claimant.

WILLIAM J. SCOTT, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This action is brought by Claimants pursuant to Ill. Rev. Stat., ch. 37, par. 439.8 vesting in this Court exclusive jurisdiction in all claims against Respondent, the State of Illinois, for damages in cases sounding in tort. Claimants are the owners and possessors of a 65-acre tract adjacent to the Mermet Wildlife Refuge, owned and operated by Respondent as a hunting area for water fowl and to provide a facility for fishing. The water supply of the Claimants consists of a 22-foot deep water well characterized as a "shallow well," which for years prior to 1974 produced sufficient fresh, pure water for the needs of Claimants.

In *Edwards v. Hager*, 180 Ill. 99, the Supreme Court said:

"Water which is the result of natural and ordinary percolation through the soil is part of the land itself and belongs absolutely to the owner of the land, and, in the absence of any grant, he may intercept or impede such underground percolation, though the result be to interfere with the source of supply of springs or wells on adjoining premises."

If this rule as announced in *Edwards v. Hager, supra*, is applied to the case at bar, Claimant's claim must be denied, since Respondent would have an absolute right to use percolating waters under Respondent's land even though it was shown that Claimant's enjoyment of their land might thereby be adversely affected.

Another Illinois decision dealing with the rights of a landowner to percolating water is *Behrens v. Scharringhausen*, 22 Ill. App. 2d 326. That case involved a suit by the plaintiffs to restrain the defendant landowners from removing water from defendant's gravel pit. Claimants asserted that the use of large and powerful pumps to remove that water depleted the water supply of plaintiffs both below and upon their adjoining lands. A decree of the Trial Court dismissing the suit for want of equity was affirmed by the Appellate Court. In its opinion, however, the Appellate Court stated in dicta that if the Supreme Court were called upon to again review the Illinois rule with respect to the use of percolating waters the Supreme Court might well apply a "reasonable use" doctrine to the effect that the right of a landowner to the use of percolating water under his lands must be reasonable as may be necessary for some useful purpose. The question of whether or not the use by a landowner of water is reasonable would be a question of fact to be determined on the facts of each particular case.

Respondent argues that whether this Court adopts

the test of *Edwards v. Hager, supra,* or the dicta of *Behrens v. Scharringhausen, supra,* with regard to "reasonable use", in either event this Court must hold for Respondent because as a matter of fact the use to which Respondent put the percolating water from the wells on the Mermet Wildlife Refuge is "reasonable" as a matter of law. The property was being used as a waterfowl refuge, fishery and hunting area subject to the policy of the State of Illinois, acting through the legislature of the State of Illinois in establishing and funding this activity. The proof is undisputed that there was a need for a water supply to improve the program of wildlife and public hunting benefits. They conclusively establish that there was an improvement in benefits.

Claimant asserts that the use of the water by Respondent was an unreasonable use in light of the actual injury to Claimants' place of habitation and the interference with their use and enjoyment of the same. With respect to this issue, it should be observed that the funding and establishment of this State facility by the Illinois legislature is the clearest expression of the public policy of Illinois with respect to the establishment, maintenance, operation and use of facilities such as the Mermet Refuge; it is not the province of the Court of Claims to second guess the Illinois legislature as to whether or not the use and operation of facilities such as the Mermet Refuge is reasonable or unreasonable in light of a clear expression of legislative policy. Therefore, Claimant's argument that the use of this water as a benefit to the Mermet Refuge is unreasonable as a matter of law is not well taken.

The Illinois law relative to the use of percolating waters by a landowner is, at the present time, that the landowner may make any use of the percolating water

that is of reasonable benefit to the enjoyment of the landowner's occupation and possession of the property; the fact that the adjoining landowners are thereby adversely affected does not give rise to a cause of action unless it can be demonstrated that the use to which the water is being put is unreasonable in light of all the attendant circumstances.

The Court of Claims cannot substitute its judgment for the judgment of the Illinois legislature in funding the operations at Mermet Wildlife Refuge and permitting the installation and operation of wells to utilize percolating waters in the operation and use of the refuge.

Accordingly, the claims of Claimants are denied.