WOLFF *v.* ELLIOTT.

Opinion delivered June 23, 1900.

PAROL EVIDENCE—IDENTIFICATION OF GRANTEE.—Where a deed conveyed land to "John Elliott and Amanda Elliott, his wife," parol evidence is admissible to show that, although John Elliott had a lawful wife living named "Amanda Elliott," the deed was intended to convey title to another woman whom he had unlawfully married, and who was known as "Amanda Elliott." (Page 328.)

Appeal from Jackson Circuit Court.

RICHARD H. POWELL, Judge.

### STATEMENT BY THE COURT.

John Elliott and Amanda Ross, two negroes, were married on the 18th of January, 1877, in the state of Alabama. They resided in that state, but Elliott afterwards abandoned his wife, and came to Jackson county, Arkansas. Without procuring a divorce from his wife in Alabama, he, in 1884, married Amanda Moore of Jackson county. They lived together as husband and wife until his death, and she was known in Jackson county as Amanda Elliott, wife of John Elliott. While they were thus living together, John Elliott purchased of G. B. Chastain a lot in the town of Newport. The payment for the land was made in monthly installments. John Elliott and the woman he called his wife, and whom he had married in Jackson county, would, to quote the testimony of Chastain, the vendor, "come up on Monday night when the money was paid. They would be there together, and I would give them a receipt." After money was paid, Chastain directed Elliott to have such a deed as he desired drawn up, and he (Chastain) would sign it. Thereupon Elliott and the woman whom he had married in

Jackson county went together to an attorney, and directed him to prepare a deed from Chastain conveying the lot to them jointly. Not knowing that Elliott had a wife in Alabama, the attorney prepared a deed describing the vendees therein as "John Elliott and Amanda Elliott, his wife;" and Chastain, who knew nothing of the other Amanda Elliott, executed the deed as prepared by the attorney. Elliott took possession of the lot, and after his death Amanda Elliott, the woman he had married in Jackson county, sold and conveyed it to Ann Smith; and defendants, Wolff & Goldman, hold under this deed. Amanda Elliott, the wife of John Elliott living in Alabama, after his death sold and conveyed an undivided one-half interest in the land to W. H. Holliday and Gustave Jones, and afterwards she and her vendees brought this action of ejectment to recover the land.

On the trial the circuit judge excluded the testimony of the attorney who prepared the deed from Chastain, and who testified that John Elliott and the woman known as his wife in Jackson county came to him and directed him to draw a deed from Chastain to them jointly. The court, among other instructions to the same effect, gave the following to the jury:

"1. The jury are instructed that in the deed of W. B. Chastain to John Elliott and Amanda Elliott, his wife, that the words 'his wife' are descriptive of and particularize the person or grantee to whom the deed was made; and if the jury find that, at the time of the execution of said deed, John Elliott had a wife living of the name of Amanda Elliott, then she is the person referred to in said deed as one of the grantees, and no other person of the name of Amanda Elliott, who was not in law the wife of said John Elliott, can be substituted in the place of said Amanda Elliott, the wife of said John Elliott."

There was a verdict for plaintiffs, and defendants appealed.

*J. W. Phillips* and *S. D. Campbell*, for appellants.

The evidence fails to show that Elliott was ever legally married in Alabama; and the court will not presume it. In conflicting presumptions, that which assumes innocence of a criminal offense will be adopted. 22 Ark. 90; 34 Ark. 511; 58 Ark. 556; 59 Ark. 431; 52 Am. St. Rep. 183; 22 Am.

Rep. 24. The courts will not take judicial notice of the statute laws of another state. 16 Ark. 87; 17 Ark. 154; 50 Ark. 237; 52 Ark. 388. It was incumbent upon the plaintiff to prove the *validity* of the first marriage. 60 Ark. 308; 46 Am. Dec. 121; 6 How. 550; 66 Am. St. 79. The presumption is that there was no valid marriage, even by the rules of common law, in Alabama. 47 Am. St. Rep. 226; 127 Ill. 379. Even if the marriage in Alabama was valid, the evidence shows that she was not the person to whom the deed was made. Even if the second marriage is void, Elliott and the second wife would have been tenants in common; hence the first wife would have only a dower right, and could not maintain ejectment. 21 Ark. 62; 31 Ark. 334; 62 Ark. 51. The court erred in the giving and refusing of instructions. Parol testimony was admissible to explain the ambiguity and identify the grantee. 84 Cal. 1; 99 Am. Dec. 351n., citing: 7 Neb. 1; 12 Wis. 235; 10 Gray, 45; 19 Ala. 659; 28 Ark. 75; 68 Am. Dec. 529; 19 Am. St. 803; 42 N. E. 174; 16 Atl. 405; 12 S. W. 659; 40 Ark. 237. There was never any delivery to the first wife or to any one for her. . Hopk. Real Prop. 435; 1 Am. & Eng. Dec. Eq. 387; 58 Am. 288; 67 Am. St. 860.

*Gustave Jones*, for appellees.

It was competent for appellee to testify as to her marriage. 30 N. C. 1016; 28 Ark. 19. There is no *latent* ambiguity in the deed. 40 Ark. 237. Parol evidence was not admissible to show which wife was the grantee. 28 Ark. 282; 12 Johns. 77; 10 Johns. 23.

RIDDICK, J., (after stating the facts.) The facts in this case are somewhat peculiar, but we do not think there is much doubt about the law. When the name of a grantee, as written in a deed, is capable of being applied to two or more persons, parol evidence is admissible to identify the grantee named. In such case a latent ambiguity exists, which may be removed by extrinsic evidence. Following this rule, it is the common and well-established practice to admit parol testimony to identify persons or property named in a deed or record. *Jay* v. *East Livermore*, 56 Me. 120; *Cole* v. *Mette*, 65 Ark. 506; *Andrews* v. *Dyer*, 81 Me. 104; 1 Jones, Law of Real Prop. § 226.

This does not in any way contravene the rule that parol evidence will not be received to contradict or vary the terms of a deed or other written contract; for the object of this evidence is not to contradict the deed, but, by showing the circumstances under which it was made, to enable the court or jury trying the case to ascertain the person or property referred to, so as to carry into effect the intention of the parties to the instrument.

"It may," says Mr. Taylor, "be laid down as a broad and distinct rule of law that extrinsic evidence of every material fact which will enable the court to ascertain the nature and qualities of the subject-matter of the instrument; or, in other words, to identify the persons and things to which the instrument refers, must of necessity be received." 2 Taylor on Evidence, § 1194.

Now, the learned circuit judge was no doubt familiar with these rules of law; but in this case, as the grantees in the deed were described as "John Elliott and Amanda Elliott, his wife," and as John Elliott could have had at that time only one lawful wife, the circuit judge was of the opinion that it must be conclusively presumed that the Amanda Elliott named was his lawful wife, and that it was not proper to show to the contrary. But we are unable to agree that this view of the law was correct. Both of these women had been married to John Elliott. Each of them was known by the name of Amanda Elliott, and as the wife of John Elliott. The question to be determined by the jury was not which one of them was in law the wife of John Elliott, but which was the grantee in the deed from Chastain. Now, it has been held that a conveyance to a person under an assumed name is valid, and passes the title intended to be conveyed. *Wilson* v. *White*, 84 Cal. 239. And certainly a conveyance to this woman, who was married to Elliott in Jackson county, describing her by the name under which she was generally known in that county, would pass title to her. If the law was otherwise, injustice might often result. In this case there is nothing to show that the Amanda Elliott of Jackson county knew that Elliott had another wife living. She may have been altogether ignorant of that, and may have

honestly believed that she was his lawful wife and entitled to his name; yet, under the law as given by the circuit judge, if she had purchased and paid for this land, a conveyance to her as "Amanda Elliott, wife of John Elliott," the name by which she was known, would have vested the title, not in her, but in another woman, of whom perhaps neither she nor her grantor had ever heard.   This would result, not in carrying out, but in defeating, the intention of the parties to the deed.

For these reasons, we think the presiding judge erred in instructing the jury, and also erred in excluding evidence tending to identify the grantee named in the deed.   Judgment reversed, and new trial ordered.

HUGHES, J., dissented.