MONMOUTH COUNTY CIRCUIT COURT.

ANNA WINFIELD, PLAINTIFF, v. DOROTHY VIVIAN SAUN-
DERS, AN INFANT, ET AL., DEFENDANTS.

For the plaintiff, *Philip F. Sauer.*

For the defendants, *Eugene R. Hayne.*

LAWRENCE, J.   This is an action in ejectment.   The suit
was submitted to the court, without a jury, by consent of the
parties, on the testimony and evidence offered and received at
the trial, and is decided on the facts found and the law deemed
applicable.

The facts are:

On July 1st, 1911, James B. Dayton (single) and Lucinda
E. DeNyse (widow) conveyed to "Anna Winfield and Silas
Winfield, her husband," the land described in the complaint.
The conveyance was in the usual form, including covenant of
warranty of title, with no indication of the nature of the
estate lodged in the grantees, other than the fee, and that
arising out of the relation of husband and wife. The deed was
delivered to the grantees named therein, and duly recorded.

It was made and executed by the grantors in pursuance of a prior duly executed written contract for sale made by Dayton and Mrs. DeNyse with Anna Winfield (so called, but not the plaintiff), who made the payments in part at least of the consideration money at the times and in the manner stipulated in the contract. No evidence was offered as to how much or what part, if any, of the purchase price was paid by Silas Winfield. A dwelling house was subsequently erected on the land and certain bonds and mortgages were signed and duly executed by Anna Winfield and Silas Winfield, as her husband, the grantees named in the deed, for loans obtained thereon by them. One or the other of these grantees paid from time to time, out of their own earnings, the interest and sums on account of the principal of these mortgages, together with the taxes, insurance premiums and other fixed charges on the property, including repairs. Both grantees entered into possession of the premises and actually occupied them until April 4th, 1924, when Silas Winfield died intestate. Anna Winfield then continued in possession and occupation until June 17th, 1926, when she died testate. Her will, duly admitted to probate in the office of the surrogate on July 19th, 1926, devised the premises to Dorothy Vivian Saunders, the infant defendant, subject to a life estate therein of the other defendant, James Holmes.

Plaintiff, who admittedly was not the Anna Winfield named in the contract to purchase the land or in the bonds and mortgages, and in fact is not the woman to whom delivery of the deed was made as a grantee, and likewise not the person who entered into joint possession and occupation with Silas Winfield, now seeks, in this action, to obtain possession of the premises as surviving tenant by the entirety, basing her claim on an alleged marriage to him on April 29th, 1888. Her maiden name was Anna Bowles. She testified that the ceremony was performed in the city of Brooklyn, New York, and gave the name of a minister who she states officiated. Neither he nor any witness present was produced at the trial. After this alleged ceremony, plaintiff further testified, she lived with Silas Winfield as his wife at Long Branch, in this county, and on March 31st, 1889, a son was born to them who was named

Thomas, but thereafter, it appears, went by the name of Bowles, his mother's maiden name, and still does. The evidence is, however, that Silas from time to time recognized him as his son. Proof of the claimed marriage was not established at the trial by any formal record or any witness present at the time. Such evidence had been sought, it appears, but could not be obtained for the reason that the minister could not be located and no formal record could be found in any public office in Brooklyn where such records are usually kept. Such proof as was offered was confined to the statements of plaintiff and to those of one or more witnesses examined in her behalf who testified that she and Silas had lived together at Long Branch and that while so living together the child had been born. She further testified that they had lived together until 1893, when he deserted her and she had not thereafter had anything to do with him. He appears to have gone to New York City but three or four years later he returned to New Jersey and took up his residence at Asbury Park, about six miles from Long Branch, where she lived with her family when not employed and where her son lived until he became old enough to go out and work for himself. While it appears that the son frequently visited his father and plaintiff knew where the latter was, she admits that she had no communication with him and made no effort to have him resume their alleged marital relation or to require him to provide for her and the child.

For a number of years prior to 1911 (when the deed in question was made) to 1924 when he died, Silas lived and worked in Asbury Park. During all of these years he neither lived nor had anything to do with the plaintiff who obviously acquiesced in the separation if, in fact, they had been married. The proofs, however, show that sometime before 1911, and continuously thereafter until his death, he lived with a woman (not the palintiff) who went by the name of Anna Winfield, was known in the neighborhood as his wife, and who entered into the contract to purchase the land in dispute, paid out of her own earnings, in part at least, the consideration money stipulated therein and participated in the delivery of the deed

as a grantee. She it was, moreover, who executed with Silas as her husband the bonds and mortgages to secure the loans negotiated at the time the dwelling was erected on the land and thereafter assisted in the payment of the taxes, insurance premiums and other charges. It is admitted that this woman did live with him at the time of the transaction here involved and continued to do so until his death, a period of ten or twelve years, but it is insisted that plaintiff and not the woman who went by the same name remained his lawful wife and is now entitled to possession of the *locus in quo* as surviving tenant by the entirety under the title vested by the deed.

It is further urged that no evidence can be received, or is legally admissible, for the purpose of identifying the woman grantee named in the deed, but that the court must assume that such grantee was intended to be the plaintiff as the legitimate wife, for the reason that such evidence, if received, as it was at the trial, would tend to alter or vary the terms of a written instrument contrary to the rule laid down in *Naumberg* v. *Young*, 44 *N. J. L.* 331.

The rule applicable, however, appears to be that when the name of a grantee, as written in a deed, is capable of being applied to two or more persons, parol evidence is admissible to identify the grantee named. In such a case a latent ambiguity exists, which may be removed by extrinsic evidence. It is a common and well-established practice to admit parol testimony to identify persons or property named in a deed or record. This does not in any way contravene the rule that parol evidence will not be received to contradict or vary the terms of a written instrument; for the object of this evidence is not to contradict the deed, but, by showing the circumstances under which it was made, to enable the court or jury trying the case to ascertain the person or property referred to, so as to carry into effect the intention of the parties to the instrument. 22 *C. J.* 1192, § 1593, citing footnote 11— *Wolff* v. *Elliott*, 68 *Ark.* 326; 57 *S. W. Rep.* 1111, where it was held that a deed to "John Elliott and Amanda Elliott, his wife," as grantees may be shown by parol evidence to have been made to a woman to whom John Elliott was unlawfully married while having a wife living, also named Amanda

Elliott. Also 10 *R. C. L.* 1078, §§ 274, 275; 18 *C. J.* 174, § 56; 176 (footnote 49); *Cubberly* v. *Cubberly,* 12 *N. J. L.* 309; *Kupferschmidt* v. *Agricultural Insurance Co.,* 80 *Id.* 441, 444, 445, and cases cited.

A latent ambiguity exists when, on the face of the paper, no doubt or uncertainty appears, but by proof *aliunde* the language is shown to be alike applicable to two or more persons or things, the uncertainty or ambiguity in such case being removable by the same character of proof as that by which it is made to appear. 8 *R. C. L.* 1041, § 96; 22 *C. J.* 1192, and cases cited, footnote 11, *p.* 1193.

Plaintiff must depend upon the strength and validity of her own title. *Hoyt* v. *Buckenmyer,* 96 *N. J. L.* 245; *Nugent* v. *Lindsley,* 97 *Id.* 268. Under the proofs, it is clear that she was not the person who entered into the contract to purchase the land in question, paid any part of the consideration money, or received delivery of the subsequent deed pursuant to such contract as one of the grantees, or thereafter executed the bonds and mortgages to which reference has been made. In the circumstances, since she was not the grantee actually named in the deed and there is no evidence that she was so intended, no such implication can arise. She cannot, therefore, take under the deed as surviving tenant by the entirety. Judgment may be entered for the defendants.