(No. 36503.—

LILLIAN GALLAGHER, *vs.* MARY ANNE GIROTE *et al.,* Appellees,—(GRACE M. GALLAGHER *et al.,* Appellants.)

*Opinion filed September 22, 1961.*

MILLER, GORHAM, WESCOTT & ADAMS, of Chicago, (HERBERT C. DE YOUNG, of counsel,) for appellants.

CARL B. APLON, and JOHN M. NAGLE, both of Chicago, for appellees.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This case is here on appeal from a decree of the superior court of Cook County ordering partition of certain real estate. The appeal was originally taken to the Appellate Court for the First District but since a freehold is involved the appeal was transferred to this court.

There are two parcels of real estate involved in this case. Each of these parcels was purchased by one James Gallagher who died intestate in 1948. The plaintiff who is the widow of James Gallagher, claims that by virtue of the laws of descent she is vested with an undivided one-third

interest in each parcel and that Gallagher's two daughters are each vested with an undivided one-third interest therein. The daughters, who are defendants in this case, make the same contention. Kathleen and Grace Gallagher, who are also defendants, are sisters of James Gallagher and claim title to one of the parcels by virtue of a certain deed. William Gallagher, a brother of James, claims that title to the other parcel is vested in Patrick Gallagher, another brother of James, by virtue of another deed.

The evidence in this case was heard by a master in chancery who submitted a report finding title vested in the widow and daughters as alleged in the complaint. The court approved the master's report and entered a decree from which this appeal is taken. In such a case we believe that the correct rule is that set forth in *Anastaplo* v. *Radford,* 14 Ill.2d 526, where we held that the findings of the master will not be disturbed when approved by the chancellor, unless the findings are manifestly against the weight of the evidence.

The evidence showed that James Gallagher was a lifetime resident of the city of Chicago. He worked for many years for the county of Cook and during most of this time he worked under the name of James Hassett. This fact was explained in part by testimony that James had an argument with one of his superiors and he was discharged. In order to get back on the county payroll he assumed the name of Hassett, which was the maiden name of his mother, so that his superior would not know that he was again working for the county.

James had an uncle, Charles Hassett. This uncle was never steadily employed except for a brief period during World War II. He occasionally did some work for James and slept in the basement of James Gallagher's house off and on over a period of years. Although there is some conflict in the evidence, the weight of the evidence showed that Charles Hassett was frequently known as Charles Hayes.

In 1938 James Gallagher purchased one of the parcels of real estate involved herein, which will be referred to as the Tripp Avenue property. James Gallagher personally handled all of the negotiations leading up to the purchase of this property but in all of these negotiations he acted under the name of Charles Hayes and when the deed to the property was prepared title was taken in the name of Charles Hayes. The deed was recorded and returned to James Gallagher and kept in his possession until his death in 1948 and after his death the deed remained in the possession of his widow. There is some conflict in the evidence as to whether James Gallagher was the only person to collect the rents from his property prior to his death. However, the master found that James did collect these rents and our review of the record satisfied us that this finding is supported by a preponderance of the evidence. After the death of James Gallagher the rents from the Tripp Avenue property were collected by either his widow or his older daughter.

In 1953, about five years after the death of James Gallagher, Charles Hassett went to an attorney and asked him to prepare a deed conveying the Tripp Avenue property to Kathleen and Grace Gallagher. The attorney did not know Hassett and Hassett told him that he was Charles Hayes. The attorney, therefore, prepared the deed in which Charles Hayes was named as the grantor. Hassett signed the deed as "Charles Hayes" and left it with the attorney who called Kathleen and Grace Gallagher and told them that he had the deed and asked them to come and get it. They came to his office and he advised them that the deed should be recorded. Since Kathleen and Grace Gallagher did not know how to go about recording the deed the attorney recorded it for them and after recording it he mailed it to the grantees. Kathleen and Grace each testified at the hearing before the master that although they knew of the deed they made no attempt to collect any rents from the property.

The other parcel involved herein was purchased by

James Gallagher in 1939 and is known as the Knox Avenue property. However, when the deed to this property was prepared title was taken in the name of Agnes Walsh, who was the sister of James Gallagher's wife. After this deed was recorded it was returned to James Gallagher and was kept in his possession until the time of his death. In 1945 Agnes Walsh was about to be married and James Gallagher went to her and had her sign a deed in which Patrick Gallagher was named as the grantee. This deed was likewise returned to James and kept by him until his death. During his lifetime James collected all of the rent on this property. The defendant William Gallagher was a tenant in this property and although James had advised William that he had put the title in the name of Patrick, William recognized James as his landlord and continued to pay rent to James.

These involved and peculiar circumstances give rise to opposing contentions of the parties. The widow and children claim that the names of Charles Hayes, Agnes Walsh, and Patrick Gallagher were aliases for James Gallagher and that, therefore, James remained the owner of these properties in spite of the fact that the legal title appeared in the other names. The defendants Kathleen and Grace Gallagher claimed that when title to the Tripp Avenue property was taken in the name of Charles Hayes, this constituted a gift of the property to Charles Hassett, who was also known as Charles Hayes, and that Hassett's deed in 1953 was effective to convey the title to the property to them.

Patrick Gallagher, although named in the complaint, was never served with process and did not file an appearance. However, William Gallagher, a tenant of the Knox Avenue property, claims that the deed from Agnes Walsh to Patrick conveyed the title to this property to Patrick.

In order to acquire title to real estate it is essential that a deed conveying the same be delivered to and accepted by the grantee (*Parker* v. *Roberts*, 408 Ill. 159). In determin-

ing whether a deed has been delivered some of the important considerations are whether the grantee had knowledge of the deed, whether the grantee went into possession of the real estate, and whether the deed itself remained in the possession of the grantee. (*Klabjor* v. *Klabjor,* 406 Ill. 513). Recording of a deed without the knowledge or consent of the grantee does not, of itself, amount to a delivery. (*Weber* v. *Christen,* 121 Ill. 91). There is no dispute upon the present record that the deed to the Tripp Avenue property was physically delivered to James Gallagher, who represented himself to be Charles Hayes, nor is there any substantial dispute that he collected all the rents from the property. There is no dispute that the deed itself remained in James Gallagher's possession. There is no substantial evidence in the record that Charles Hassett (Hayes) ever claimed any interest in the property except insofar as the deed to Kathleen and Grace indicated such a claim. After knowledge of the deed to them neither Kathleen nor Grace exercised any of the rights of ownership with respect to the property.

We are of the opinion that the master's finding that the name of Charles Hayes was an alias for James Gallagher, is fully supported by the evidence. Therefore, James Gallagher was the actual owner of the Tripp Avenue property at the time of his death and, by virtue of his death intestate, his widow and daughters succeeded to the title thereof.

The Knox Avenue property presents a slightly different situation. James did not, of course, represent himself to be Agnes Walsh at the time he purchased the property. He intended that Agnes should take the legal title to the property. However, his subsequent conduct indicated clearly that he regarded himself as the real owner thereof, for he collected all the rents and Agnes never claimed any interest therein. It is clear that Agnes regarded herself as James's nominee, for when she was about to be married, she suggested that she should get the legal title out of her name.

James then made out a deed in which Patrick Gallagher was named as the grantee. There is evidence in the record that on other occasions James had used the name of Patrick Gallagher in business transactions. The plaintiff testified that on at least two other occasions James had purchased real estate under the name of Patrick Gallagher. After the deed from Agnes Walsh, Patrick never claimed any interest in the property and never collected any rents. William Gallagher, one of the tenants in the Knox Avenue property, testified that after James told him he had put the property in Patrick's name, he never paid any rent. However, the evidence shows that James continued to collect the rents from the other tenant of the property after the deed from Agnes, and after James' death his widow collected these rents. We are of the opinion that the master's finding that Patrick Gallagher was an alias for James was supported by the evidence. James was, therefore, the owner of the property at the time of his death and plaintiff and the two daughters are now vested with the title by virtue of the laws of descent.

Kathleen and Grace Gallagher each filed a counterclaim in this action asking for an accounting of rents and also claiming that they had loaned money to James Gallagher during his lifetime. They asked that a lien be imposed on the properties in the amount of such loans. Since we have determined that Kathleen and Grace Gallagher have no interest in the property, their counterclaim with respect to the rents was properly denied. The master denied any relief on the claim for a lien on the ground that the court lacked jurisdiction to adjudicate the debts of a deceased person. We do not find it necessary to decide this question since we are of the opinion that the evidence with respect to any such loans was inconclusive and entirely insufficient to warrant the imposition of an equitable lien upon the properties. The only evidence to that effect was a statement by Grace Gallagher that she had loaned James about $3500 at differ-

ent periods over about thirty years. She had no record of the amount that she had alleged she actually had loaned to James. Kathleen Gallagher testified that she had loaned James $18,000 over a period of twenty years, which had not been repaid. The plaintiff testified that Grace had loaned James $2000 but that James had told her that he had done more for Grace than what he owed her. Plaintiff testified that Kathleen never loaned James any money. The bald assertions by counterclaimants were entirely insufficient. The decree of the superior court of Cook County is affirmed.

*Decree affirmed.*