**Lind Investments Corp., James Boal and Kobco, Inc. (Kobco, Inc., Appellant), v. Glendoran A. Seegers, et al., and Sisco, Inc., Appellee.**

Gen. No. 64–108.

Second District.

January 24, 1966.

Paul T. Kalinich, of Glen Ellyn, for appellant.

Ervin F. Wilson, of Elmhurst, for appellee.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of DuPage County wherein the Chancellor had entered judgment in favor of the Appellant, Kobco, Inc., in the amount of $3,561.12. In the original complaint plaintiffs charged the defendants, Sisco, Inc., and certain other individuals with conspiracy to intentionally inflict harm upon the plaintiff, Kobco, Inc., and prayed for an accounting on certain jobs that Sisco completed for Kobco after Kobco had become financially embarrassed. The case was referred to a Master who found against plaintiffs and in favor of defendants on the conspiracy charge and after a detailed and voluminous accounting found the defendant, Sisco, owed the plaintiff, Kobco, $3,561.12. Objections were filed by all parties to the Master's report. After full hearing the lower court dismissed out the individual defendants and entered judgment against Sisco in confirmation of the Master's report in the amount of $3,561.12.

Kobco contends that it is entitled to a judgment in the amount of $28,890.27 and urges that the Master erred in allowing Sisco certain deductions. $23,000 of this amount which is indicated as a receipt is claimed by Kobco to be payment for work done by Sisco. Sisco's contention is that this amount was advanced to cover material and

labor costs during construction. In reviewing the evidence relative to this position we find Kobco presented no evidence that the $23,000 was anything but what the defendant said it was—an advance to cover costs during construction.

■ The Master found at the time Sisco assumed the responsibility for the completion of the Robert Taylor Homes' job the parties understood that 1,076 units were required. Kobco's subcontract for the installation of this job read as follows: "installation of Stairbuilder units and all landing steel for 20 buildings—16 floors each at price of $45,000.00." It is apparent that the number of units was not specified and that the completion of the bid for this work necessitated furnishing 1,260 units. We assume that Kobco examined the plans and specifications for the job in the ordinary course of business before making the bid and that Kobco, to complete the contract, would be required to install 1,260 units. Since this was Kobco's contract which Sisco was required to complete, we find that the Master did not err in allowing Sisco to charge in the account the cost of the extra units.

■ Plaintiff next urges that the allocation of certain disbursements, namely cost of supervision, accounting services, rental of equipment and workmen's compensation, were not direct costs but were properly includible in the agreement as overhead expense. The arrangement between the parties specified a credit for all direct expense, out-of-pocket expense, 10% for overhead and 19% for profit, to be allowed to Sisco in the final accounting. Plaintiff in his brief addresses our attention to the distinction between "overhead" and "direct costs," ignoring the provision for the allowance of "out-of-pocket" expense. Without the benefit of an interpretation of these phrases from the briefs, or an indication from expert testimony on the prevailing custom and usage of the nomenclature in sound accounting procedure, we conclude

these items are included within the concept of "out-of-pocket" expense.

The last point urged for reversal is that the sales commissions due on the various subcontracts assumed by Sisco were not direct expense but were properly allocated to overhead, and were to be accounted for in the 10% provision designated as overhead. It appears that Kobco had incurred this liability prior to the time Sisco took over the subcontracts. Here, again, the distinction between direct and overhead expense is qualified by the item "out-of-pocket" expense, and we conclude that this charge falls within the category of out-of-pocket expense.

■■ While the findings of a Master are not entitled to the same weight on review as the verdict of a jury, they are entitled to due weight upon review and where they have been approved by the Chancellor, a reviewing court is not justified in disturbing them unless they are manifestly against the weight of the evidence. Majewski v. Gallina, 17 Ill2d 92, 99, 160 NE2d 783; Gallagher v. Girote, 23 Ill2d 170, 172, 177 NE2d 103; Barker v. Barker, 36 Ill App2d 20, 27, 183 NE2d 518. We find nothing in the record before us to indicate the court below did not properly find the facts and apply the law thereto.

Judgment affirmed.

MORAN, J., concurs.

DAVIS, J., specially concurs.

I concur in the ultimate result reached by affirming the judgment below but I would reach the same result by dismissing the appeal for failure of appellant to comply with Rule 38 of the Supreme Court and Rule 6 of this Court (Ill Rev Stats 1965, chap 110, pars 101.38 and 201.6). The appellant's abstract of record does not set forth the judgment appealed from and otherwise flagrantly violates the foregoing rules. See: Husted v.

Thompson-Hayward Chemical Co., 62 Ill App2d 287, 294–297, inclusive, 210 NE2d 614. (2nd Dist 1965.)