Elizabeth SNIPES, a/k/a Elizabeth
Douglass, Appellant,

v.

Elizabeth DOUGLASS, Appellee.

No. 7700.

District of Columbia Court of Appeals.

Argued Feb. 26, 1974.

Decided May 9, 1974.

Rehearing Denied June 7, 1974.

George H. Windsor, Washington, D.C., for appellant.

Robert A. Rohrbaugh, Silver Spring, Md., for appellee. Andrew E. Greenwald, Feissner, Kaplan, Smith, Joseph, Greenwald and Laake, Hyattsville, Md., entered an appearance for appellee.

Before FICKLING, GALLAGHER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

This is an action for possession of real property wherein the resolution of the rights of the interested parties turns on a determination of the identity of one of the grantees in the deed. In 1935 the appellee, Elizabeth E. Douglass, married John F. Douglass. The couple separated around 1944 when John entered the service and they never again lived together. In 1946 the appellant Elizabeth Snipes began living with John F. Douglass and continued to do so until his death in 1971. She testified that she used Douglass as her last name at times and that she was known as John Douglass' wife.

On August 10, 1959, the premises in question were conveyed to "John F. Douglass and Elizabeth Douglass, his wife, as Tenants by the Entirety . . . ." The appellant, Elizabeth Snipes, lived on

the premises with John until his death. When appellee sued for possession of the premises, appellant answered, claiming that she was the person designated as grantee in the deed of August 10, 1959. After a trial, at which conflicting evidence was presented as to the identity of the intended grantee, the court issued a memorandum opinion concluding that appellee was the co-tenant with the deceased and that the property should pass to her. The court said:

> Although Elizabeth Snipes testified that she was the individual intended in the deed, without any further qualifying evidence in support of her claim, this Court must conclude that Elizabeth E. Douglass was the co-tenant, she being the legal wife. (See Mead v. Phillips, 77 U.S.App.D.C. 365, at p. 370, 135 F.2d 819 [1943]

> > "The policy of the law is the protection of wife and securing to her of a reasonable portion of her husband's estate.")

> Having determined the entitled individual as the deceased's legal wife, it therefore follows that the title of the Ninth Street property should pass to her by operation of law since John F. Douglass died intestate.

Appellant then filed a motion to reconsider, claiming that the court's decision was contrary to the evidence, that an improper burden of proof had been imposed on appellant, and that the court had improperly refused to admit certain evidence. The motion for reconsideration was granted and a further hearing ordered for the purpose of taking new evidence.

At the second hearing evidence was presented that the appellant had not participated in the settlement proceedings involved in the purchase of the subject premises, but that her sister, Mary Atkins, had actually appeared and signed the name Elizabeth Douglass to the Deed of Trust.

The trial court characterized these actions of appellant and Mary Atkins as "ineffectual if not outright illegal" and based thereon felt that the "intention of the deceased . . . [was] of little import . . . ." It held that title to the premises passed by intestate succession (rather than by survivorship of a joint tenancy). It also held that appellee was entitled to a dower interest in the property in addition to any interest she might take under the intestate laws.

■ We cannot agree with the conclusions of the trial court since we see no basis for viewing the real estate transaction as ineffectual or illegal. Mrs. Atkins, of course, did not sign the deed that conveyed the title here to John Douglass and Elizabeth Douglass; grantees do not sign deeds. It was after that deed was executed that she signed the Deed of Trust. There is nothing in this record to indicate that the deed conveying title was not validly executed. John Douglass had the right legally to name in the deed either Elizabeth Douglass. The question as to whom the name Elizabeth Douglass was intended to identify was not answered by the trial court.

■ Ambiguities in deeds, whether they involve the description of the property, or the identity of the grantee, or the nature of the estate conveyed, are to be resolved by endeavoring to determine the intention of the parties. Coleman v. Jackson, 109 U.S.App.D.C. 242, 286 F.2d 98 (1960); Gallagher v. Girote, 23 Ill.2d 170, 177 N.E. 2d 103 (1961); Whittington v. Mann, 211 Md. 199, 126 A.2d 617 (1956).

The Supreme Court of Arkansas, many years ago, faced the problem of determining which wife, each being named Amanda, was the designated joint grantee in a deed with the husband.

In that case the husband married Amanda Ross in Alabama but latter abandoned her and moved to Arkansas where he met and married Amanda Moore. They lived

together as husband and wife until his death. During that period he purchased the land in controversy. When he went to his lawyer's office to have the deed prepared he took his second wife with him. At a trial in ejectment after his death the trial court excluded the testimony of the attorney who had prepared the deed. In its instructions the court told the jury that if it found that at the time of the execution of the deed John Elliott had a wife living by the name of Amanda Elliott "then she is the person referred to in said deed as one of the grantees, and no other person of the name of Amanda Elliott, who was not in law the wife of said John Elliott, can be substituted in the place of the said Amanda Elliott, the wife of the said John Elliott."

The Arkansas Supreme Court observed that the question was not who was the wife, but rather, who was the grantee. It held that the trial court had erred in excluding the testimony of the attorney identifying the grantee in the deed and also erred in its instruction to the jury. Wolff v. Elliott, 68 Ark. 326, 57 S.W. 1111 (1900). *See* Annot., 80 A.L.R.2d 1137, 1146–1153 (1961), and cases cited therein.

If the intent here was to convey title to John F. Douglass and his legally married wife (Elizabeth E.) by the entireties then she, the first wife, became the sole owner of the property as survivor upon his death. On the other hand, the case of Coleman v. Jackson, *supra,* by which we are bound, held that even though the husband had a legally married wife who was still alive, he could, if he so intended, take title to property jointly with another woman with whom he was then living. The question to be decided then is which Elizabeth Douglass did John Douglass intend to be his co-tenant when he bought the property in the joint names of Elizabeth Douglass and John F. Douglass.

■ As to which party bears the burden of persuasion, we see nothing in this case to remove it from the general rule that the

plaintiff in an action for possession of real property has the burden of showing a right to that property. Shapiro v. Christopher, 90 U.S.App.D.C. 114, 195 F.2d 785 (1952).

Since no findings were made by the trial court as to which Elizabeth Douglass was the intended co-tenant and since the proper disposition of this case necessarily hinges on a determination of such intent, the case is reversed and remanded to the trial court for the purpose of making appropriate findings in this regard. We leave it to the good judgment of the trial court to determine whether further proceedings should be held in order to take additional evidence bearing upon the question of intent.

So ordered.